**UNITED STATES, Appellee,**

v.

**Joseph J. KARSKY, Appellant.**

**No. 79–1102.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1979.

Decided Dec. 14, 1979.

Certiorari Denied Feb. 19, 1980.

See 100 S.Ct. 1058.

Wayne F. Gilbert, Gunderson, Farrar, Aldrich, Warder & DeMersseman, Rapid City, S. D., filed brief for appellant.

Robert D. Hiaring, U. S. Atty., and Shelley M. Stump, Asst. U. S. Atty., Sioux Falls, S. D., filed brief for appellee.

Before BRIGHT, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Joseph J. Karsky appeals his conviction for willfully failing to file an income tax return in violation of 26 U.S.C. § 7203 (1976). Instead of filing information concerning his income for 1975, Karsky turned his income tax Form 1040 into a protest. Thereafter, the United States commenced this prosecution. A jury found Karsky guilty and the district court [1] sentenced him to a one-year term of imprisonment. We affirm.

On appeal Karsky contends that the district court erred in refusing to instruct the jury (1) that conduct in reckless disregard of the law is not "willful" within the meaning of section 7203; (2) that individuals desiring fifth amendment protection for disclosures on their tax return must claim the privilege on their return or lose it; and (3) that as a defense to the charge the jury should consider appellant's good-faith but mistaken beliefs that the Internal Revenue Code is unconstitutional and that the fifth amendment permits a taxpayer to refuse to answer inquiries on an income tax form. Karsky also argues that the district court abused its discretion in admitting three prior tax returns which he had signed and filed with the Internal Revenue Service (the Service).[2] For reasons set forth below, we reject these contentions.

1. The Honorable Andrew W. Bogue, United States District Judge, District of South Dakota, presiding.

2. Karsky further argues that the district court erred in denying his motion to dismiss because of the Service's failure to comply with notice requirements of the Privacy Act, 5 U.S.C. § 552a (1976), specifically those imposed by

§ 552a(e)(3)(D). This argument is without merit.

On appeal Karsky has filed a *pro se* brief in addition to that filed by his attorney. In it Karsky urges that the evidence was insufficient to support his conviction, that the sixteenth amendment did not authorize an individual income tax, that the district court lacked jurisdiction, and that he was denied competent counsel. These contentions are devoid of merit.

Karsky, a twenty-two-year-old independent contractor in the janitorial business, filed a "protest" Form 1040 [3] with the Service for the year 1975. The Service advised him by letter that the return did not fulfill legal requirements and sent him additional forms with which to prepare a valid return. Thereafter, Karsky several times asked the Service how to fill out a Form 1040 correctly without violating his "constitutional rights," but received no response. Karsky earned a gross income of over $9,000 in 1975 and thus was a person required to file a return under the Internal Revenue Code. Karsky's defense at trial was that he acted out of a good faith misinterpretation of the law and therefore lacked the requisite intent to commit the criminal offense charged.

■ On appeal, Karsky first claims that the district court erred in refusing to instruct the jury that conduct in reckless disregard of the law is not "willful" within the meaning of section 7203. *See United States v. Bengimina*, 499 F.2d 117, 119–20 (8th Cir. 1974). The district court instructed the jury on this issue in language identical (except for the substitution of the appropriate pronoun) to that suggested in *United States v. Pohlman*, 522 F.2d 974, 976 and 977 n.2 (8th Cir. 1975) (*en banc*), *cert. denied*, 423 U.S. 1049, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976).[4] The district judge reiterated that "a good faith misunderstanding of the law may negate willfulness, [but] a good faith disagreement with the law does not." The

Supreme Court has approved our construction of section 7203's willfulness requirement. *See United States v. Pomponio*, 429 U.S. 10, 12–13, 97 S.Ct. 22, 50 L.Ed.2d 12 (1976) (*per curiam*). *See also United States v. Ojala*, 544 F.2d 940, 946–47 (8th Cir. 1976). We conclude that the district court's willfulness instructions correctly and adequately apprised the jury of the law.

■ At trial Karsky testified that he had received instructions at seminars conducted for tax protestors that a taxpayer could object to specific questions on his tax return, and that failure to do so would result in a waiver of his fifth amendment privilege. He further testified that he believed that the Service could initiate a criminal prosecution for innocent mistakes made on a tax return. Karsky now argues that, in order to assess his good faith defense, the jury should have been informed that Karsky's beliefs were partially correct. Karsky proposed a jury instruction to the effect that an individual must claim his privilege against self-incrimination on his income tax return or lose the right to rely on it in a subsequent criminal prosecution employing disclosures made in the return. *See Garner v. United States*, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976).

While appellant's proposed instruction correctly states the law, it is only tangentially relevant to this case. Karsky made no valid claim of his fifth amendment privilege against self-incrimination.[5] Karsky's de-

---

*See, e. g., United States v. Rifen*, 577 F.2d 1111 (8th Cir. 1978); *Kasey v. Commissioner*, 457 F.2d 369 (9th Cir.), *cert. denied*, 409 U.S. 869, 93 S.Ct. 197, 34 L.Ed.2d 120 (1972). We note that appellant's court-appointed counsel has ably represented him at trial and on appeal.

3. On lines which required information concerning his income, deductions and filing status, Karsky entered "Object".

4. Willfulness is an essential element of the crime of failure to file an income tax return. The word "willfully" used in connection with this offense means a voluntary, intentional violation of a known legal duty, or otherwise stated, with the wrongful purpose of deliberately intending not to file a return which defendant knew she should have filed, in order to prevent the Government from knowing

the extent of, and knowing the facts material to, the determination of her tax liability.

Defendant's conduct is not "willful" if she acted through negligence, inadvertence, or mistake, or due to her good faith misunderstanding of the requirements of the law. It should be pointed out, however, that disagreement with the law is not a defense. It is the duty of all citizens to obey the law whether they agree with it or not. [522 F.2d at 977 n.2 and 976.]

5. Karsky never suggested that he was involved in any activity in which he wished not to incriminate himself. He claimed the fifth amendment privilege on his return solely because of what he had been told by speakers at tax protest seminars.

 

fense was that he acted out of a good faith misunderstanding of the law. Karsky testified regarding his beliefs at the time he claimed the fifth amendment privilege on his return; his attorney argued his good faith belief to the jury, and the district court instructed the jury on this issue. In view of these circumstances, we cannot say the district court erred in refusing appellant's proposed instruction.

Appellant also argues that the district court erred in instructing that the Internal Revenue Code was constitutional, and the fifth amendment privilege no defense to the crime charged, without reiterating that a good faith misunderstanding of the law did constitute a defense. However, the district court had already twice stated in its willfulness instruction that good faith misunderstanding was a defense. We find no error in the district court's refusal to repeat appellant's requested instruction at every stage of the instructions. The jury was adequately instructed on the defense of misunderstanding.

To prove Karsky's willfulness in failing to file a 1975 return, the Government at trial introduced income tax returns for the years 1972, 1973, and 1974 which Karsky had signed and filed with the Service. The district court admitted these returns over Karsky's objection that they were irrelevant to a determination of his state of mind when he filed his nonconforming return.[6] Karsky argues that the district court abused its discretion in admitting the prior returns.

We cannot agree. Evidence is relevant if it has a tendency to make the existence of a consequential fact more or less probable than it would be without the evidence. Fed.R.Evid. 401. The district court did not abuse its discretion in judging the probative value of the prior returns to outweigh their potentially prejudicial effect. *See* Fed.R.Evid. 403. *Cf. United States v. Rifen*, 577 F.2d 1111, 1113 (8th Cir. 1978) (evidence of defendant's prior taxpay-

ing history considered in weighing sufficiency of the evidence to sustain conviction under section 7203).

We have carefully considered the issues raised by appellant *pro se* and by his counsel. We find no merit in their contentions. Accordingly, we affirm.

---

6. On appeal Karsky also points to evidence that he did not personally prepare the prior returns.