UNITED STATES of America,
Plaintiff-Appellee,

v.

Philip ANNUNZIATO,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard KRELING, Defendant-Appellant.

Nos. 80–1442, 80–1443.

United States Court of Appeals,
Ninth Circuit.

Submitted April 6, 1981.
Decided April 27, 1981.

Stephenson & Mahoney, Timothy W. Mahoney, Kennewick, Wash., on briefs, for defendant-appellant.

Robert S. Linnell, Asst. U. S. Atty., Yakima, Wash., on briefs, for plaintiff-appellee.

Before WRIGHT and HUG, Circuit Judges, and EAST,* Senior District Judge.

PER CURIAM:

Annunziato and Kreling were found guilty of filing fraudulent withholding certificates (W-4's) in violation of 26 U.S.C. § 7205. They were separately indicted and serially tried. Each argues that his indictment should have been dismissed because 26 U.S.C. § 7205 is unconstitutionally vague or, in the alternative, that the indictment should have been dismissed or the government's evidence suppressed because Privacy Act disclosure requirements were violated in obtaining the false W-4's. Both contentions are without merit and the judgments are affirmed.

## I

### Factual Background

Appellants are construction workers who were assigned from time to time by their union halls to work for varied employers. Each routinely completed a W-4 form before starting a new job. In the late 1970's, each appellant began to claim on these forms that no income taxes should be withheld.[1] Some employers submitted these W-4's to the IRS.[2]

The IRS sent each appellant a letter requesting that he substantiate or change his claim. When no response was made, the exemptions claimed were checked against those on prior returns.

Because of discrepancies, letters went to employers who had submitted the forms requesting that they withhold at a zero exemption level. Copies of these letters were sent to the appellants, together with another request that they comply with legal requirements.

After investigation and consideration of the discrepancies between earlier returns and the later forms, appellants were indicted under 26 U.S.C. § 7205.

## II

### Constitutionality of § 7205

Title 26 U.S.C. § 7205 provides:

An individual required to supply information to his employer under Section 3402 who wilfully supplies false or fraudulent information, . . . shall, . . . upon the conviction thereof, be fined not more than $500, or imprisoned for not more than one year, or both.

Appellants argue that the section is unconstitutionally vague and that they did not know they were persons "required to supply information" because: (1) the W-4 instructions did not define the term "liability"[3]; and (2) Section 3402 does not exhaustively define the term "employee".

A criminal statute must "give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954). We agree with the district judge that the common meanings of "liability" and "employee" are not so ambiguous that "a person of ordinary intelligence" would not be put on at least inquiry notice by the instructions and Section 3402 as to whether he fell within Section 7205.

Numerous witnesses testified that they understood a "liability" to be an amount owed, and both appellants conceded that they knew they owed taxes. Because each actually completed numerous W-4's, it may

---

* Of the District of Oregon.

1. There are at least two ways to make such a claim. One might claim a large number of exemptions or sign a statement that he has had no tax liability in the prior year and anticipates none in the current year. Annunziato and Kreling apparently used both approaches.

2. Employers retain W-4 forms to comply with their statutory duty to withhold taxes. The IRS requests that they forward unusual forms and some employers appear to follow the policy of doing so when the forms claim excessive exemptions. The practice protects them from potential liability to the government.

3. For reasons not revealed on this appeal, it appears that the W-4 instructions have since been revised. The word "liability" is no longer used.

be inferred that they were not confused as to whether they were "employees".

We agree with the Eighth Circuit that 26 U.S.C. § 7205 and the accompanying explanatory statutes and regulations meet the *Harriss* standard. *See United States v. Buttorf*, 572 F.2d 619, 624–25 (8th Cir.), *cert. denied*, 437 U.S. 906, 98 S.Ct. 3095, 57 L.Ed.2d 1136 (1978).

### III

### Privacy Act Notice

The Privacy Act, 5 U.S.C. § 552a(e)(3), requires the agency to:

> (3) inform each individual whom it asks to supply information, on the form which it uses to collect the information or on a separate form that can be retained by the individual—

> (A) the authority (whether granted by statute, or by executive order of the President) which authorizes the solicitation of the information and whether disclosure of such information is mandatory or voluntary;

> (B) the principal purpose or purposes for which the information is intended to be used;

> (C) the routine uses which may be made of the information, as published pursuant to paragraph (4)(D) of this subsection; and

> (D) the effects on him, if any, of not providing all or any part of the requested information.

W-4 instructions contain this disclosure:[4]

> The Internal Revenue Code requires every employee to furnish his or her employer with a signed withholding allowance certificate showing the number of withholding allowances that the employee claims (section 3402(f)(2)(A) and the Regulations thereto). Individuals are required to provide their Social Security Number for proper identification and

processing (section 6109 and the Regulations thereto).

> The principal purpose for soliciting withholding allowance certificate information is to administer the Internal Revenue laws of the United States.

> If an employee does not furnish a signed withholding allowance certificate, the employee is considered as claiming no withholding allowances (Section 3402(e)) and shall be treated as a single person (Section 3402(1)).

> The routine uses of the withholding allowance certificate information include disclosure to the Department of Justice for actual or potential criminal prosecution of civil litigation.

The gist of appellants' claim that this disclosure is inadequate is that it does not specify the statute under which they may be charged or the penalty faced. We agree with the Tenth Circuit that

> Nothing in the Privacy Act . . . requires a notice of the specific criminal penalty which might be imposed. Such specific notice is not required.

*United States v. Rickman*, 638 F.2d 182 (10th Cir. 1980) (1040 form). *See United States v. Karsky*, 610 F.2d 548, 549 n.2 (8th Cir. 1979), *cert. denied*, 444 U.S. 1092, 100 S.Ct. 1058, 62 L.Ed.2d 781 (1980); S.Rep.No. 1183, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News 6916, 6964.

Because we find no violation of the Privacy Act, we do not reach the issue what sanctions would be appropriate where there was a violation (*e. g.*, dismissal of the indictment, suppression of evidence, or other).

AFFIRMED.

---

4. Defendants argue that some employers used their own forms and may have posted disclosure notices. The testimony does not reveal what information was posted or printed on the forms. Because the record is incomplete, we decline to consider the issue. Fed.R.App.P. 10(b). See *Thomas v. Computax Corp.*, 631 F.2d 139, 141 (9th Cir. 1980).