**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**David W. ECHOLS, Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**George R. HAVILAND,**
**Defendant-Appellant.**

**Nos. 81–2149, 81–2150.**

United States Court of Appeals,
Fifth Circuit.

June 4, 1982.

Rehearing and Rehearing En Banc
Denied July 30, 1982.

Richard L. Stradley, Bonner, Mont., for defendants-appellants.

Carl Walker, Jr., U. S. Atty., Anna E. Stool, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before BROWN, RANDALL and TATE, Circuit Judges.

PER CURIAM:

Appellants David W. Echols and George Haviland were each convicted in a jury trial of willfully and knowingly supplying a false and fraudulent statement in a withholding exemption certificate in violation of 26 U.S.C. § 7205.[1] Echols and Haviland had

---

1. 26 U.S.C. § 7205 provided, at the time, as follows:

Any individual required to supply information to his employer under section 3402 who willfully supplies false or fraudulent information, or who willfully fails to supply information thereunder which would require an increase in the tax to be withheld under section 3402, shall, in lieu of any other penalty provided by law (except the penalty provided by section 6682), upon conviction thereof, be fined not more than $500, or imprisoned not more than 1 year, or both.

It has since been amended to increase the maximum allowable fine to $1,000. Pub.L.97–34, Title VII, § 721(b), 95 Stat. 341 (1981).

each filed a W–4 Form with his employer, Brown & Root, claiming that he was exempt from any withholding of wages for income tax purposes. The form executed by each Appellant certified the following:

> Under the penalties of perjury, I certify that the number of withholding allowances claimed on this certificate does not exceed the number to which I am entitled. If claiming exemption from withholding, I certify that I incurred no liability for Federal income tax for last year and I anticipate that I will incur no liability for Federal income tax for this year.

In a consolidated appeal, Appellants have contended that the district court erred in not dismissing the cases, pursuant to their pre-trial motions, on the ground, among others, that the statutes involved were ambiguous and therefore forced them to speculate, at peril of indictment, as to whether their conduct was prohibited. Specifically, they argue that the term "tax liability" is ambiguous and nowhere defined by statute. We find no merit in Appellants' contention and affirm the judgment of the district court.

"[F]undamental principles of due process . . . mandate that no individual be forced to speculate, at peril of indictment, whether his conduct is prohibited." *Dunn v. United States*, 442 U.S. 100, 112, 99 S.Ct. 2190, 2197, 60 L.Ed.2d 743 (1979). A criminal statute must "give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954). Contending that it is not unreasonable to interpret "liability" to mean "moneys owed" or "debts or pecuniary obligations", Appellants argue that it was accurate to certify on their W–4 forms that they had incurred no tax liability for 1979 and anticipated incurring none in 1980 because they both had obtained refunds in 1979 and claimed that they had already had sufficient amounts withheld in 1980 to satisfy their 1980 taxes. We agree with those courts which have concluded that "26 U.S.C. § 7205 and the accompanying explanatory statutes and regulations meet the *Harriss* standard." *United States v. Annunziato*, 643 F.2d 676, 678 (9th Cir.), *cert. denied*, 452 U.S. 966, 101 S.Ct. 3121, 69 L.Ed.2d 979 (1981), *citing United States v. Buttorff*, 572 F.2d 619 (8th Cir.), *cert. denied*, 437 U.S. 906, 98 S.Ct. 3095, 57 L.Ed.2d 1136 (1978). *See also United States v. Hinderman*, 625 F.2d 994 (10th Cir. 1980) (held specious defendant's argument that he did not incur a tax liability in a given year because the government owed him a refund for withholding). That the aggregate amount withheld by a taxpayer during a taxable year exceeds the amount of his liability for income tax incurred for that year does not alter the fact that liability for income tax has been incurred,[2] even applying the definitions urged by Appellants.

We have considered Appellants' other claims and find them without merit and without need of discussion here.

AFFIRMED.

---

26 U.S.C. § 3402 provides:

Notwithstanding any other provision of this section, an employer shall not be required to deduct and withhold any tax under this chapter upon a payment of wages to an employee if there is in effect with respect to such payment a withholding exemption certificate (in such form and containing such other information as the Secretary may prescribe) furnished to the employer by the employee certifying that the employee—

(1) incurred no liability for income tax imposed under subtitle A for his preceding taxable year, and

(2) anticipates that he will incur no liability for income tax imposed under subtitle A for his current taxable year.

**2.** Treas.Reg. Section 31.3402(n)—1 ex. 2 (1980) clarifies the meaning of "tax liability" as relevant here with the example that where "A has taxable income of $8,000, income tax liability of $1,630, and income tax withheld of $1,700[,] [a]lthough A received a refund of $70 due to income tax withholding of $1,700, he may not state on his exemption certificate that he incurred no liability for income tax imposed by subtitle A . . . ."