UNITED STATES of America, Appellee,

v.

David B. WILBER, Appellant.

No. 82–1974.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 10, 1982.

Decided Dec. 30, 1982.

Rehearing and Rehearing En Banc
Denied Feb. 8, 1983.

David B. Wilber, Defendant, pro se.

Thomas E. Dittmeier, U.S. Atty., Pamela H. Bucy, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, ROSS and FAGG, Circuit Judges.

PER CURIAM.

David B. Wilber appeals his conviction for willfully failing to file income tax returns for the calendar years 1977 and 1978 in violation of 26 U.S.C. § 7203 (1970). The sole issue presented is whether the district court [1] erred in denying Wilber's motion to dismiss the indictment for alleged violations of the Privacy Act of 1974. [2] Wilber argues that the Privacy Act notice in the instruction booklets which accompany Form 1040 Individual Income Tax Returns is defective because it fails to use the word mandatory to describe a taxpayer's duty to file an income tax return, and because the notice does not inform the taxpayer that failure to file may result in criminal liability. We affirm the conviction.

On April 15, 1982, the United States indicted Wilber for two counts of willful failure to file income tax returns in 1977 and 1978. Prior to trial, Wilber filed several motions, including a motion to dismiss because the Internal Revenue Service (IRS) violated the Privacy Act of 1974. These motions were referred to United States Magistrate David D. Noce who recommended that they be denied. After review of the record and the defendant's objections to the magistrate's recommendation, the district court denied the motions.

1. The Honorable William C. Hungate, United States District Judge for the Eastern District of Missouri.

2. 5 U.S.C. § 522a (1974).

Wilber's jury trial commenced on June 22, 1982, and concluded on June 25, 1982. The government offered proof that Wilber had an income of approximately $73,717.91 in 1977 and $105,687.79 in 1978, and failed to file returns for these years. The jury returned a guilty verdict on both counts. The court sentenced Wilber to one year imprisonment for each count, but suspended the execution of sentence on Count II and substituted three years probation. This timely appeal followed.

Section 552a(e)(3)(A) of the Privacy Act requires government agencies seeking information from individuals to inform them "whether disclosure of such information is mandatory or voluntary." To comply with this requirement, the IRS included in its 1040 instruction booklets for the years 1977 and 1978 the following portion of a larger Privacy Act notice:

The Privacy Act of 1974 says that each Federal agency that asks you for information must tell you the following:

(1) Its legal right to ask for the information and whether the law says you must give it.

\* \* \* \* \* \*

Our legal right to ask for information is in Internal Revenue Code Sections 6001 and 6011 and their regulations. They say that you *must* file a return or statement with us for any tax you are liable for. \* \* [Y]ou *must* show a Social Security Number on what you file. \* \* \*

You *must* fill in all parts of the tax form that apply to you. [Emphasis added.]

■ Wilber argues that the IRS notice is insufficient because it does not state in the words of the Act that disclosure is mandatory. This argument is patently frivolous. Nothing in the Privacy Act requires agencies to employ the exact language of the statute to give effective notice. The IRS booklet clearly notifies taxpayers that filing is mandatory.

The Privacy Act also directs agencies to inform individuals of the effect, if any, of not providing all or any part of the request-ed information. 5 U.S.C. § 552a(e)(3)(D). The IRS instruction booklet states that a penalty may result from failure to file. Wilber asserts that the district court should have dismissed the case because the IRS booklet does not specifically state that criminal charges can be imposed for failure to comply with the duty to pay tax.

■ We previously dismissed this same argument as meritless in *United States v. Karsky,* 610 F.2d 548, 549 n. 2 (8th Cir. 1979), *cert. denied,* 444 U.S. 1092, 100 S.Ct. 1058, 62 L.Ed.2d 781 (1980). We agree with the Tenth Circuit that the Privacy Act does not require ·notice of a specific criminal penalty which might be imposed on the errant taxpayer. *United States v. Rickman,* 638 F.2d 182, 183 (10th Cir.1980). *See also United States v. Annunziato,* 643 F.2d 676, 678 (9th Cir.), *cert. denied,* 452 U.S. 966, 101 S.Ct. 3121, 69 L.Ed.2d 979 (1981) (citing *Rickman* and holding that the Privacy Act notice in W–4 statements is sufficient); *Field v. Brown,* 198 U.S.App.D.C. 39, 610 F.2d 981, 987–988 (1979), *cert. denied,* 446 U.S. 939, 100 S.Ct. 2160, 64 L.Ed.2d 792 (1979) (substantive requirements of Privacy Act were satisfied by regulations which warned that the Department of Justice would be notified if information was not provided).

Moreover, Wilber does not allege that he was ignorant of his legal duty to pay tax. On the contrary, our review of the record reveals that he intentionally violated that duty. He therefore properly may be held criminally liable. *See United States v. Miller,* 634 F.2d 1134, 1135 (8th Cir.1980), *cert. denied,* 451 U.S. 942, 101 S.Ct. 2026, 68 L.Ed.2d 330 (1981); *United States v. Pohlman,* 522 F.2d 974, 977 (8th Cir.1975) (en banc), *cert. denied,* 423 U.S. 1049, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976).

Accordingly, we find that the district court did not err in denying Wilber's motion to dismiss the indictment for alleged violations of the Privacy Act of 1974, and affirm the conviction.