780 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
UNITED STATES OF AMERICA, Plaintiff-Appellee,
vs.
GARY L. SCHAFFNER, Defendant-Appellant.
 84-1820
 United States Court of Appeals, Sixth Circuit.
 11/22/85
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: MERRITT and CONTIE, Circuit Judges; and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Gary L. Schaffner appeals his conviction by a jury on two counts of failing to file income tax returns and two counts of filing false withholding forms, contrary to 26 U.S.C. Secs. 7203 and 7205 respectively. Schaffner argues that the district court should have allowed the defense to cross-examination an Internal Revenue Service Agent regarding th definition of income. Schaffner also argues that the district court should have permitted certain testimony by his sister and should have sent letters written by Schaffner and an IRS agent to the jury room. Finally, Schaffner asserts that the district court did not properly permit Schaffner to present evidence in mitigation of his sentence during the sentencing proceeding. We are unpersuaded by any of these arguments and therefore we affirm the judgment of the district court.
 
 I.
 
 2
 During 1980 and 1981 Schaffner received gross annual income of $19,505.33 and $18,753.26 respectively as an employee of Lang Fastener Corp. but he failed to file income tax returns for those years. On February 4, 1980, Schaffner began claiming on his withholding certificates that he was 'exempt' from withholding taxes.
 
 
 3
 The Internal Revenue Service began its investigation in February, 1982. After several unsuccessful attempts to contact Schaffner, IRS agent Terishinski and another agent visited Schaffner at his residence. Schaffner contended at that time that he did not have enough gross income to be subject to taxation. Subsequently, Schaffner sent Terishinski a letter stating that he was 'unable to find any law that [he had] broken,' and that he 'firmly believed [his] understanding of the tax laws [was] sound.' Schaffner also stated in the letter that he 'would greatly appreciate any information [Terishinski] could provide to correct [Schaffner's] misunderstanding. Terishinski replied by letter, offering Schaffner the opportunity to present his records. When further discussions failed to convince Schaffner to alter his views, he was charged in a four count indictment with failure to file returns and filing false withholding exemption certificates.
 
 
 4
 At the outset of Schaffner's trial, the district court granted a motion in limine precluding him from claiming that he had a good faith belief that wages are income until evidence was in the record to support such a claim. During the trial, Schaffner attempted to cross-examine IRS agent Bednarczyk, a witness for the prosecution, on his interpretation of the meaning of income under 26 U.S.C. Sec. 61 by posing the following hypothetical question:
 
 
 5
 If an individual concluded that his labor, his work was his property, and the money that he received in exchange for it was property, could that possibly be construed as an exchange of property.
 
 
 6
 Schaffner argued that the question was relevant to determine whether it was possible that Schaffner had a good faith misunderstanding that his wages were a nontaxable exchange of property. The district court disallowed the hypothetical question and stated that Schaffner could not inquire into the witness' understanding of income under the Internal Revenue Code. Later in the trial, the district court limited the scope of testimony of Schaffner's sister, Janine Schaffner. Schaffner sought to elicit testimony from her regarding statements made to her and Schaffner by their mother instructing them on principles of tax law. The district court found such testimony was inadmissible hearsay and irrelevant and accordingly prohibited any such testimony. The trial concluded and at the close of jury instructions Schaffner requested that the court send the letters written by Schaffner and Terishinski to the jury room. The court refused to send the letters to the jury unless they asked for them.
 
 
 7
 The jury subsequently returned quilty verdicts on all counts and the district court held Schaffner's sentencing proceedings. At the hearing, Schaffner disputed certain facts in the Presentence Report as well as various portions of the government's Sentencing Memorandum. The court then sentenced Schaffner to consecutive one-year terms of imprisonment on the two counts of failure to file and concurrent three-year probation periods on the two counts of filing false withholding certificates.
 
 II.
 
 8
 Both the failure to file a return and the false filing of a withholding certificate offenses require a showing that the accused acted willfully.[1] Willfulness as required under the tax statutes has been defined as 'a voluntary, intentional violation of a known legal duty.' United States v. Pomponio, 429 U.S. 10, 12-13 (1976) (per curiam). A good faith misunderstanding of the tax law may negate this element of willfulness and is therefore a valid defense to the offenses charged in this case. United States v. Burton, 737 F.2d 439, 441 (5th Cir. 1984); United States v. Kraeger, 711 F.2d 6, 7 (2d Cir. 1983); United States v. Karsky, 610 F.2d 548, 550 (8th Cir. 1980). However, a good faith disagreement with a tax statute, or a good faith belief that a tax statute is unconstitutional, does not negate willfulness. United States v. Grumks, 728 F.2d 794, 797 (6th Cir. 1984); United States v. Ware, 608 F.2d 408, 405 (10th Cir. 1979); Karsky, 610 F.2d at 550.
 
 
 9
 Schaffner argues that the district court abused its discretion in disallowing the attempted cross-examination of agent Bednarczyk. Schaffner contends that the purpose of the inquiry on cross-examination was to show that Sec. 61 of the Code could be misunderstood, thereby illustrating the possibility that Schaffner misunderstood the provision. Accordingly, Schaffner argues that by limiting the cross-examination the district court precluded him from developing a defense of good faith misunderstanding.
 
 
 10
 While the right to cross-examination may not be completely denied, the extent of cross-examination is within the discretion of the trial judge. United States v. Mills, 366 F.2d 512 (6th Cir. 1966); United States v. Daniels, 528 F.2d 705 (6th Cir. 1976); United States v. Callahan, 551 F.2d 733 (6th Cir. 1977). Therefore, the district court's ruling will not be reversed unless the court abused its discretion. We conclude that the district court did not abuse its discretion in limiting the cross-examination of Bednarczyk.
 
 
 11
 As the Fifth Circuit stated in United States v. Burton, '[e]vidence of legal uncertainty, except as it relates to defendant's effort to show the source of a state of mind, need not be received, at least where, as here, the claimed uncertainty does not approach vagueness and is neither widely recognized nor related to a novel or unusual application of the law.' Burton, 737 F.2d at 444. The cross-examination of Bednarczyk was not an attempt to show the source of Schaffner's alleged misunderstanding of the tax law, since Schaffner had not consulted with Bednarczyk in any way regarding the meaning of income under Sec. 61 of the Code. Accordingly, Bednarczyk's opinion on the definition is not relevant to whether Schaffner was confused by the definition of income when he failed to file his income tax returns. See United States v. Herzog, 632 F.2d 469, 473 (5th Cir. 1980). Also, there is no legal uncertainty or vagueness in the present case. The fact that wages are included as income under Sec. 61 of the Code is a well-settled matter of law and claims to the contrary consistently have been considered frivolous. See, e.g., Commissioner v. Kowalski, 434 U.S. 77 (1977); Lonsdale v. Commissioner, 661 F.2d 71, 72 (5th Cir. 1981); Lovell v. United States, 755 F.2d 517, 519 (7th Cir. 1984); Davis v. United States, 742 F.2d 171, 173 (5th Cir. 1984) (per curiam); Simanonok v. Commissioner, 731 F.2d 743, 744 (11th Cir. 1984) (per curiam). Accordingly, Schaffner cannot argue that the cross-examination was permitted because the tax law was vague or uncertain. Cross-examination must meet a threshold test of relevance to the issue being tried and since the underlying law is so well-settled the type of cross-examination attempted below did not meet that threshold requirement. Therefore, the district court did not abuse its discretion in precluding the cross-examination.
 
 
 12
 Schaffner also argues that the district court erred in not allowing his sister to testify as to statements their mother, Frieda Grosshans, had made to them. Schaffner originally sought to have Grosshans testify to show that Schaffner had derived his alleged misunderstanding of the tax law from her and that it was through Grosshans that Schaffner had been introduced to a tax movement. However, Grosshans pleaded the Fifth Amendment and refused to testify since she was being investigated by the Internal Revenue Service at the time. As a way to still present the issue to the jury, Schaffner sought to elicit testimony from Janine Schaffner that her mother had instructed her on the tax law, that she had relied on her mother, and that she had been introduced to the tax movement through her mother in the same manner as Schaffner. The district court disallowed the proffered testimony on the grounds that it was irrelevant and inadmissible hearsay.
 
 
 13
 We question the correctness of the district court's finding that the testimony was hearsay. We believe the statements were not hearsay because they were not offered for the truth of the matters asserted therein. Fed. R. Evid. 801(c) defines hearsay as a 'statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.' The statements by the mother were apparently offered for the purpose of showing that Schaffner had a reasonable basis for his belief that wages were not income, not for the purpose of proving their truth, i.e., that wages are not income. Since the statements were not offered for their truth, we question the exclusion of the testimony on the ground that it was hearsay.[2]
 
 
 14
 Even though we question whether hearsay was a proper basis for exclusion, we agree with the district court's alternative basis for exclusion. That is, we find that the testimony was properly excluded as being irrelevant. The testimony must satisfy the threshold requirement of relevancy to be considered admissible. Relevant evidence is defined by Fed. R. Evid. 401 as 'evidence having any tendency to make the existence of any fact . . . more probable or less probable than it would be without the evidence.' The matter at issue is Schaffner's state of mind, his willfulness, so the testimony must tend to make the existence of his willfulness less likely. However, a finding of relevancy is only the first step in determining whether proffered evidence is admissible. Under Fed. R. Evid. 403, a trial judge 'must yet weigh its marginal contribution against potential prejudice and confusion, keeping in mind that the judge remains the jury's source of information regarding the law. The Rule 403 balance, when struck by the district court in the first instance, will not be overturned on appeal absent an abuse of discretion.' Burton, 737 F.2d at 443; see also, United States v. Jenkins, 525 F.2d 819, 824 (6th Cir. 1975) (on appeal, evidentiary rulings will be disturbed only in the event of a grave abuse of discretion).
 
 
 15
 In light of the balancing approach under Rule 403, we cannot find that the district court abused its discretion in making its determination of relevancy and admissibility. Janine's understanding of the tax law is not probative of Schaffner's subjective beliefs. Also, the jury could have been confused as to the purpose of Janine's testimony. Accordingly, we affirm the district court's exclusion of the proffered testimony on the ground that it was not relevant.
 
 
 16
 Schaffner's final two claims of error are also not welltaken. Schaffner contends that the refusal by the district court to send the letters written by Schaffner and Terishinski to the jury room was an abuse of discretion. 'The general rule is that exhibits properly admitted into evidence may be sent to the jury room.' United States v. Parker, 491 F.2d 517, 521 (8th Cir. 1973). While courts of appeal have held that a district court did not abuse its discretion in sending documents to a jury when both government and defense counsel agree to the procedure, United States v. Jackson, 477 F.2d 879 (11th Cir. 1973); that it was within a trial court's discretion to send properly admitted exhibits to the jury room, Parker, 491 F.2d at 522; and that there was no error where a jury requested one evidentiary exhibit and the district court sent all exhibits to the jury room instead to avoid undue emphasis on the lone requested exhibit, United States v. Thomas, 521 F.2d 76, 81-82 (8th Cir. 1975); no cases stand for the proposition that a district court is required to send exhibits to the jury room where as in this case the jury has not requested to view any exhibits and only one party has made the request. In this situation the decision not to send exhibits to the jury room is within the district court's discretion. Accordingly, the district court did not err in refusing Schaffner's request.
 
 
 17
 Schaffner lastly contends that the district court erred during sentencing by not allowing Schaffner to present evidence in mitigation of sentence. This court has stated that sentences will be reversed if a trial judge (1) considers improper factors in his sentencing decision; (2) improperly relies on false information; or (3) grossly abuses his discretion. United States v. Derrick, 519 F.2d 1, 3 (6th Cir. 1975); United States v. Daniels, 446 F.2d 967, 969 (6th Cir. 1971). Fed. R. Crim. P. 32(a) guarantees a defendant the right to allocution. That provision states:
 
 
 18
 (a) Sentence.
 
 
 19
 (1) Imposition of Sentence. Sentence shall be imposed without unreasonable delay. Before imposing sentence the court shall
 
 
 20
 (A) Determine that the defendant and his counsel have had the opportunity to read and discuss the presentence investigation report made available pursuant to subdivision (c)(3)(A) or summary thereof made available pursuant to subdivision (c)(3)(B);
 
 
 21
 (B) Afford counsel an opportunity to speak on behalf of the defendant; and
 
 
 22
 (C) Address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information of mitigation of punishment.
 
 
 23
 The record in this case shows that the requirements of Rule 32(a) were satisfied. Schaffner and his counsel had the opportunity to read and discuss the presentence report. Counsel was afforded full opportunity to speak on behalf of Schaffner. Also, the district court properly addressed Schaffner personally and Schaffner responded to the court in full. Accordingly, we conclude that the district court did not fail to accord Schaffner his right to allocution.
 
 
 24
 The record also shows that none of the three factors set forth in Derrick are present. Schaffner has not shown that the trial judge considered improper factors in his sentencing decision or improperly relied on any false information. Schaffner merely argues that the court abused its discretion in limiting the discussions during the sentencing hearing. The record does not support such an argument. At the opening of the sentencing hearing, counsel stated that he 'would like to present some evidence in this matter. There are several things in the presentence investigation which are erroneous, some of them more serious than others.' The court then allowed counsel to 'go through them' and to tell the court what was erroneous. Later in the hearing, counsel stated that he had 'one final matter' which he was allowed to present. Finally, just prior to sentencing, the trial judge asked counsel if there was anything else to add to which counsel responded there was not. In sum, the record clearly indicates that the district court afforded Schaffner a full opportunity to mitigate sentence by addressing the court and we therefore find that the court did not abuse its discretion during sentencing.
 
 
 25
 Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 Section 7203 of the Code provides in part:
 Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return . . . who willfully fails to pay such estimated tax or tax [or] make such return . . . shall . . . be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.
 Section 7205 of the Code provides in part:
 Any individual required to supply information to his employer under section 3402 who willfully supplies false or fraudulent information . . . shall . . . upon conviction thereof, be fined not more than $500, or imprisoned not more than 1 year, or both.
 
 
 [2]
 Since we find the testimony was not hearsay, we necessarily reject Schaffner's argument that the testimony was admissible hearsay under Fed. R. Evid. 804(b)(3), the 'statements against interest' exception to the hearsay rule