T.C. Memo. 1999-264

UNITED STATES TAX COURT

RONALD MCDOUGLE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4171-98.                    Filed August 6, 1999.

Ronald McDougle, pro se.

Paul Voelker, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARR, Judge:  Respondent determined deficiencies in, and
additions to, petitioner's Federal income taxes as follows:

| Year | Deficiency | Additions to tax | |
| | | Sec. 6651(a) | Sec. 6654(a) |
| 1993 | $16,198 | $4,049.50 | $678.69 |
| 1994 | 15,782 | 3,945.50 | 818.93 |

All section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

The issues for decision are: (1) Whether for 1993 and 1994 petitioner is properly subject to Federal income tax. We hold he is. (2) Whether for 1993 and 1994 petitioner is liable for additions to tax under section 6651(a). We hold he is. (3) Whether for 1993 and 1994 petitioner is liable for additions to tax under section 6654(a). We hold he is.

None of the facts have been stipulated.[1] At the time the petition in this case was filed, petitioner resided in Reno, Nevada.

### FINDINGS OF FACT

Petitioner did not file Federal income tax returns for the taxable years 1993 and 1994.

In 1993, petitioner received nonemployee compensation from M. Renken Distributing in the amount of $48,928, and gambling winnings from Western Village Associates in the amount of $1,685.

In 1994, petitioner received nonemployee compensation from M. Renken Distributing and Gordon Kinnaman in the amounts of

---

[1]Petitioner refused to sign any documents, claiming protection under the Fifth Amendment to the U.S. Constitution.

$43,622 and $4,852, respectively, and gambling winnings from Western Village Associates in the amount of $1,282.

## OPINION

Petitioner does not challenge the facts on which respondent's determinations are based, nor the calculation of tax. Petitioner's argument is merely that he is not properly subject to tax and is not required to file Federal income tax returns.

Petitioner submitted documents, including six letters signed by purported "tax professionals", in support of his argument. These letters were from:

Sherwood T. Rodrigues
Certified Public Accountant (Ohio)
Sunnyvale, California

Michael L. Kailing
Tax Accountant
Honolulu, Hawaii

Guy G. Curtis*
Attorney at Law
Imperial, Nebraska
*Petitioner introduced two letters from Guy G. Curtis, Attorney at Law.

William T. Conklin, M.A.
Communication & Language Expert
Denver, Colorado

Fred M. Ortiz
Tax Consultant
Kailua-Kona, Hawaii

Petitioner also sent copies of the documents he submitted to the following persons:

    William T. Conklin - Paralegal
    Denver, Colorado

    Lowell Becraft - Attorney
    Huntsville, Alabama

    Guy Curtis - Attorney
    Imperial, Nebraska

The main theme of the letters, and petitioner's argument, is that he is not required to file a Federal income tax return because it is a voluntary practice.  Paying taxes is not voluntary.  See Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986); Malone v. Commissioner, T.C. Memo. 1998-372; Liddane v. Commissioner, T.C. Memo. 1998-259; Stonerock v. Commissioner, T.C. Memo. 1986-264; see also United States v. Bressler, 772 F.2d 287, 292 (7th Cir. 1985); May v. Commissioner, 752 F.2d 1301, 1304 & n.3 (8th Cir. 1985); United States v. Wilber, 696 F.2d 79, 80 (8th Cir. 1982).

The letters also contain additional hackneyed arguments that have been universally rejected by this and other courts.  See Wilcox v. Commissioner, supra; see also Fujita v. Commissioner, T.C. Memo. 1999-164.  We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these

arguments have some colorable merit."  See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).  No useful purpose would be served by any further explanation.  Suffice to say, petitioner is subject to Federal income tax during the relevant years, and we sustain respondent's deficiency determinations.

Respondent determined an addition to tax under section 6651(a) for failure to file a timely return for 1993 and 1994. Section 6651(a) provides for an addition to tax for failure to file a timely return.  The addition to tax is equal to 5 percent of the amount required to be shown as tax on the return, with an additional 5 percent for each additional month or fraction thereof during which the failure continues, not exceeding 25 percent in the aggregate.

A taxpayer may avoid the addition to tax by establishing that the failure to file a timely return was due to reasonable cause and not willful neglect.  See Rule 142(a); United States v. Boyle, 469 U.S. 241, 245-246 (1985).  Petitioner asserts that he relied on the advice rendered to him in the letters he submitted to the Court.  As evident from the documents he submitted to the Court, petitioner had to search nationwide to procure materials in support of his meritless positions.

While reliance on advice as to whether a return must be filed may constitute reasonable cause, the person giving that advice must be competent to render that advice and the reliance

on that advice must be reasonable.  See United States v. Boyle, supra at 250; see also Bowman v. Commissioner, T.C. Memo. 1993-88.  By the very nature of the advice given, petitioner's reliance on that advice was not reasonable.  See Bowman v. Commissioner, supra; see also Sanders v. Commissioner, T.C. Memo. 1997-452 ("While petitioner may have honestly believed that she did not have to file tax returns, that belief was not reasonable.").  Petitioner has not established that his failure to file timely returns was due to a reasonable cause.  Accordingly, we sustain respondent's determinations on this issue.

Respondent determined an addition to tax under section 6654(a) for underpayment of individual estimated tax.  Petitioner failed to pay estimated tax during the years in issue, and he has offered no evidence to show that he qualifies for one of the exceptions provided in section 6654(e).  Thus, respondent's determinations on this issue are sustained.

The Tax Court is authorized under section 6673(a)(1) to require a taxpayer to pay to the United States a penalty not in excess of $25,000 when it appears to the Court that the taxpayer's position in the proceeding is frivolous or groundless.

Petitioner's position, based on stale and meritless contentions, is manifestly frivolous and groundless, and his action has resulted in the waste of limited judicial and

administrative resources.  Previously, on its own motion, this Court has awarded damages to the United States under section 6673 where the taxpayer advanced frivolous and groundless contentions similar to those advanced by petitioner.  See <u>Abrams v. Commissioner</u>, 82 T.C. 403, 408-413 (1984).  Although we do not now impose a penalty under section 6673(a)(1), we caution petitioner that if he continues to advance such arguments to this Court, he will invite such penalties in the future.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.