**UNITED STATES of America, Appellee,**

v.

**Ronald M. PRYOR, Appellant.**

**No. 77–1939.**

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1978.

Decided April 20, 1978.

Ronald M. Pryor, pro se.

Robert D. Kingsland, U. S. Atty., and James J. Barta, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Appellant Ronald M. Pryor filed this pro se appeal from his conviction upon two counts of violating the federal tax laws. The jury[1] found Pryor guilty on one count of willfully failing to file an income tax return for the year 1975 in violation of 26 U.S.C. § 7203[2] and one count of willfully filing a false withholding statement with his employer in violation of 26 U.S.C. § 7205.[3] Appellant claims that the evidence was insufficient to support conviction on either count. We affirm.

Pryor was first employed by Chrysler Corporation in August of 1969 and remained at that job through the trial of this matter in November of 1977. For each of the tax years from 1967 through 1974 Pryor filed an income tax return reflecting that he had received taxable income during the applicable period.

During October of 1974, Pryor filed an Internal Revenue Service Form W–4E with the Chrysler Corporation, certifying that he had incurred no tax liability in 1973 and anticipated incurring no tax liability in 1974. See 26 U.S.C. § 3402(n). He sent a similar form to the IRS Service Center in Kansas City, Missouri, at about the same time. On April 9, 1975, Pryor filed a second Form W–4E with the Chrysler Corporation. He certified that he incurred no tax liability during 1974 and anticipated none during 1975.

In response to Pryor's request that no money should be withheld from his income the IRS sent him a registered letter dated February 12, 1976, inviting him to attend a conference to discuss the "filing of a false Form W–4E." On February 18, 1976, Pryor sent a letter to the IRS in which he stated that United States money is illegal "[d]ue to devaluations in 1934, '64 and '68." Thereafter, the IRS sent another letter to Pryor informing him that the forms he had filed were indeed false. No response was received to this letter.

In April of 1976 Pryor filed an IRS Form 1040 for the calendar year 1975 which contained only his name, address, and the statement: "Filed under protest. This violates the 4th and 5th Amendments to the Constitution. Ronald M. Pryor, April 11, 1976." The form contained no information concerning Pryor's income, deductions, or exemptions. In response, the IRS sent a registered letter to Pryor advising him that a Form 1040 which does not contain any information about income, deductions, or exemptions is not a valid return and that

---

1. The Honorable James H. Meredith, United States District Judge for the Eastern District of Missouri, presided. Pryor was fined $2500 and was sentenced to one year imprisonment on each count, to be served concurrently.

2. 26 U.S.C. § 7203 provides:

   Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015 or section 6016), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misde-

meanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.

3. 26 U.S.C. § 7205 provides:

   Any individual required to supply information to his employer under section 3402 who willfully supplies false or fraudulent information, or who willfully fails to supply information thereunder which would require an increase in the tax to be withheld under section 3402, shall, in lieu of any other penalty provided by law (except the penalty provided by section 6682), upon conviction thereof, be fined not more than $500, or imprisoned not more than 1 year, or both.

failure to file a valid return could subject the individual to criminal prosecution. Subsequently Pryor attended a conference with the regional counsel for the IRS at which he was allowed to present any information in his defense.

On September 30, 1977, a two-count district attorney's information was filed in the Eastern District of Missouri. Pryor was charged in Count I with willfully failing to file an income tax return for the year 1975, and in Count II with willfully making a false statement to the Chrysler Corporation in which he claimed he incurred no liability for federal income tax during 1973 and that he anticipated incurring no liability for federal income tax in 1974. After a three-day trial, the jury returned a verdict of guilty on both counts.

Pryor claims on this appeal that there was not sufficient evidence presented to support his conviction on Count I. He maintains that the filing of an IRS Form 1040 containing his name and address but no information relating to income or expenses was sufficient to comply with the section 7203 requirement that an individual "make a return."

This contention was presented to this court in *United States v. Daly,* 481 F.2d 28 (8th Cir. 1973), and rejected. Quoting from the Tenth Circuit case of *United States v. Porth,* 426 F.2d 519, 523 (10th Cir. 1970), the court stated:

> A taxpayer's return which does not contain any information relating to the taxpayer's income from which the tax can be computed is not a return within the meaning of the Internal Revenue Code or the regulations adopted by the Commissioner.

*United States v. Daly, supra,* 481 F.2d at 29 (citations omitted).

■ Pryor's claim that he filed a return is without merit. There was ample evidence to sustain a conviction of the offense charged in Count I. Accordingly, the district court properly denied Pryor's motion for judgment of acquittal on that count.

With respect to Count II, Pryor claims that the information charged that he filed a false or fraudulent withholding statement on or about the date of commencement of his employment with Chrysler Corporation in 1969. He then notes that the evidence offered at trial demonstrated that the false withholding statement was actually filed several years later in October of 1974. Pryor concludes that there was insufficient evidence to sustain his conviction because of a variance between the offense charged in the information and the activities proved at trial.

Pryor's argument is based upon a misreading of the information. Count II of the information read as follows:

## COUNT TWO

The United States Attorney charges further that:

On or about the 25th day of October, 1974 in the Eastern District of Missouri,

RONALD M. PRYOR,

a resident of Desoto in the Eastern District of Missouri, who during the calendar year 1974 was employed by the Chrysler Corporation assembly plant in Fenton, Missouri and who was required under the Internal Revenue Laws to furnish the Chrysler Corporation with a signed withholding exemption certificate relating to the number of withholding exemptions claimed on or about the date of the commencement of employment by the Chrysler Corporation, did willfully supply a false and fraudulent statement to the Chrysler Corporation on which he claimed that he incurred no liability for federal income tax during 1973 and that he anticipated incurring no liability for federal income tax in 1974, knowing full well that he in fact had incurred federal income tax liability in 1973 and had reason to anticipate incurring federal income tax liability in 1974.

In violation of Section 7205, Internal Revenue Code; Section 7205, Title 26, United States Code.

It is clear that the information charged Pryor with filing a false withholding statement with his employer in October of 1974. The part of the information which identifies Pryor as an individual who was required to furnish his employer with a

signed withholding exemption certificate on or about the date of the commencement of employment was included to indicate that the strictures of section 7205 applied to Pryor. *See* 26 U.S.C. §§ 3402(f)(2)(A), 3402(n), 7205. *See also United States v. Quilty,* 541 F.2d 172 (7th Cir. 1976).

Section 7205 only applies to persons who are required to supply information to their employer under 26 U.S.C. § 3402. Section 3402(f)(2)(A) requires an employee to file with his employer on or before the date of commencement of employment a signed withholding exemption certificate specifying the number of withholding exemptions the employee claims. Thus, this language in the information was used to show that Pryor was required to file a signed withholding exemption certificate and consequently was covered by the provisions of section 7205.

The government presented sufficient evidence to support Pryor's conviction for filing a false withholding statement in October of 1974. Pryor's motion for judgment of acquittal on Count II was properly denied by the district court.

Affirmed.