**UNITED STATES of America, Appellee,**

v.

**John D. MILLER, Appellant.**

**No. 80–1548.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1980.

Decided Dec. 1, 1980.

John D. Miller, pro se.

Mark W. Bennett, Allen, Babich & Bennett, Des Moines, Iowa, for defendant–appellant.

Roxanne Barton Conlin, U. S. Atty., Amanda M. Dorr, Asst. U. S. Atty., Des Moines, Iowa, for appellee.

Before GIBSON, Senior Circuit Judge, and HEANEY and BRIGHT, Circuit Judges.

HEANEY, Circuit Judge.

Appellant John D. Miller was convicted on April 30, 1980, of two counts of violating 26 U.S.C. § 7203. A jury found that Miller had willfully failed to file income tax returns for the years 1976 and 1977, and he was sentenced to six–month prison terms on each count, to run concurrently. Miller's

primary arguments on appeal are that the jury was erroneously instructed, and that the trial court erred in refusing to allow the defendant to use certain demonstrative evidence at trial. We affirm the district court's rulings.

■■■ Miller, who filed no income tax return in 1976, and a "Fifth Amendment" return in 1977, requested the following "good faith" instruction at trial:

You are instructed that even if the defendant erroneously or mistakenly asserted his Fifth Amendment rights in his 1040 Form for the calendar year in 1977 that if he did so in good faith then you must find that the defendant did not act willfully.

The trial court refused the requested instruction, and gave the following ones instead:

An act is done knowingly if it is done voluntarily. The purpose of adding the word "knowingly" in an indictment is to insure that no one would be convicted for an act done because of mistake, accident, or other innocent reason.

Willfulness is an essential element of the crime of failure to file an income tax return. The term "willfully" used in connection with this offense means a voluntary, intentional violation of a known legal duty, in order to prevent the Government from knowing the extent of and knowing the facts material to the determination of one's tax liability.

Defendant's conduct is not "willful" if he acted through negligence, even gross negligence, inadvertence, justifiable excuse, or mistake, or due to his good faith misunderstanding of the requirements of the law. However, mere disagreement with the law in and of itself does not constitute good faith misunderstanding of the requirements of the law, because it is the duty of all persons to obey the law whether or not they agree with it. Also,

a person's belief that the tax laws violate his constitutional rights does not constitute a good faith misunderstanding of the requirements of the law. Furthermore, a person's disagreement with the Government's monetary system and policies does not constitute a good faith misunderstanding of the requirements of the law.

The defendant has introduced evidence of advice he heard given by speakers at meetings, tape recorded lectures, essays, pamphlets, court opinions, and other material that he testified he relied on in concluding that he was not a person required to file income tax returns for the years 1976 and 1977.

This evidence has been admitted solely for the purpose of aiding you in determining whether or not the defendant's failure to timely file tax returns for 1976 and 1977 was knowing and willful and you should not consider it for any other purpose. You are not to consider this evidence as containing any law that you are to apply in reaching your verdicts, because all of the law applicable to this case is set forth in these instructions.

We find that the court properly refused to give the requested instruction, and that those given were proper. The good faith defense was not available to the appellant because his IRS forms contained no income information and, thus, he had made no return at all, and there was no evidence in the record to prove that he believed filing a proper return would subject him to possible prosecution.

■■■ The appellant also argues that the trial court erred in refusing to admit defendant's Exhibit W1–17, a series of charts which he contends would have allowed the jury to "visually see the points to which Mr. Miller was about to testify." Admission of such evidence, however, is within the discretion of the trial court, and we do not find that this discretion was abused.[1]

---

1. Defendant's Exhibit W1–17 consisted of seventeen large posterboard "charts," each containing one statement of defendant's theories of money and taxation. These statements were as follows: "Mr. Foote McBrearty, Baxter and

Porth said Federal Reserve Notes are not dollars" (W–1); "And unless I have received 750 dollars or more, I'm not required to file." (W–2); "I did not receive 750 dollars" (W–3); "The United States Supreme Court has clearly

Finally, the appellant contends that the IRS abused its power by unlawfully subpoenaing records of the defendant without notification to him, and by using the results of "illegal political surveillance" against him. We will not deal substantially with these claims as they have been raised for the first time with the filing of Miller's brief on appeal.

Affirmed.

defined the term income within the constitutional sense." (W–4); "Income may be defined as the gain derived from capital, from labor, or from both combined, provided it be understood to include profit gained through a sale or conversion of capital assets, ..." (W–5); "Only gains are taxed." (W–6); "The Supreme Court says that labor is property." (W–7); "Exchanging one property for another property with no gain, results in no taxable income. The source, my wages, is *not* taxed." (W–8); "Wages are an even exchange of one form of property for another form of property, my labor." (W–9); "Compensation for labor is not a gain." (W–10); "A gain from labor would result only by someone hiring labor and making a profit on it." (W–11); "Within the constitutional sense, 'income' is not everything that comes in–" (W–12); "*But* is only that gain which is derived from property." (W–13); "Only be employing property, capital or labor, can income be derived from the source." (W–14); "The right to work and exchange ones labor for wages or any form of property even–up, was not a subject to be taxed under the 16th Amendment." (W–15); "The Supreme Court says: The 16th Amendment did not confer any new power of taxation on Congress nor extend the power of taxation to subjects previously excepted." (W–16); "For the years in question here, I had no taxable income." (W–17) (Emphasis included.). The theories advanced by the defendant are utterly without merit.