UNITED STATES of America, Plaintiff,

v.

John M. GRABINSKI, Defendant.

No. 3–81 Cr. 35.

United States District Court,
D. Minnesota,
Third Division.

March 16, 1983.

M. Susan Murnane, U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Donald W. MacPherson, Phoenix, Ariz., for defendant.

## MEMORANDUM ORDER

ALSOP, District Judge.

This matter comes before the court upon defendant's motion for judgment of acquittal notwithstanding the verdict or, in the alternative, a new trial. For the reasons set forth more fully below, the court will deny these motions.

Defendant John M. Grabinski was originally indicted in the United States District Court for the Eastern District of Missouri for failure to file a federal income tax return for the calendar year 1976. Defendant moved to dismiss the indictment for lack of jurisdiction on the grounds that he had been a lifetime resident of St. Paul, Minnesota. Alternatively, defendant moved for a change of venue. Based upon affidavits, documents and defendant's testimony introduced at a pretrial hearing, the District Court for the Eastern District of Missouri denied defendant's motion to dismiss but granted a change of venue to Minnesota.

At the time for trial in Minnesota, the Missouri court sitting in St. Paul dismissed the indictment. Subsequently, defendant was charged in Minnesota by way of a two-count information with failure to file a federal income tax return in each of the calendar years 1975 and 1976.[1] Prior to

---

1. Defendant was charged with failure to file income tax returns in violation of 26 U.S.C. § 7203 which reads as follows:

Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015), keep any records, or supply any information, who willfully fails to pay such estimated tax

trial, defendant made a motion to dismiss the information on various grounds including vindictive prosecution. In an order dated July 23, 1981, this court denied defendant's motion in all respects.

An appeal of the July 23, 1981 order was taken to the Court of Appeals for the Eighth Circuit. The Circuit Court, sitting *en banc,* dismissed defendant's appeal for lack of jurisdiction. *United States v. Grabinski,* 674 F.2d 677 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 67, 74 L.Ed.2d 67 (1982). After a five-day jury trial, defendant was found guilty on both counts of the information.

## I.

Defendant now moves for judgment of acquittal on both counts of the information on grounds of vindictive prosecution. This motion is merely a renewal of defendant's pretrial motion to dismiss the information which was denied and from which defendant appealed. In fact, the arguments defendant now makes regarding vindictive prosecution are set forth fully in the dissent to the Eighth Circuit's dismissal of defendant's appeal and need not be repeated here. *See id.* at 681–83 (Lay, J., dissenting).

■ Defendant's motion was originally denied because the court concluded that defendant had made no showing of vindictiveness. In addition, any showing made by defendant was successfully rebutted by the government. Defendant has introduced no new evidence nor made any new arguments in support of his post-trial motion for judgment of acquittal on grounds of vindictive prosecution and that motion will be denied.

or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.

2. Defendant has not alleged precisely what information he supplied which was used against

■ Defendant additionally moves for judgment of acquittal on Count I of the information on "grounds of Fifth Amendment violation: right against self-accusation and due process of law." Specifically, defendant alleges that information supplied by him in support of his motion to dismiss the indictment in the Eastern District of Missouri was used against him by the government in prosecuting him for failure to file in 1975 as alleged in Count I of the subsequently filed information. Defendant argues that this procedure violated his due process rights as well as his right against self-incrimination.[2] The court finds defendant's arguments to be totally without merit and will, therefore, deny defendant's motion.

## II.

■ Defendant also moves for a new trial on the grounds that he was denied his right to a jury determination upon all essential elements of the offenses charged in the information. Three essential elements must be proved in order to establish a failure to file a return in violation of 26 U.S.C. § 7203:

1. Defendant was required to file a tax return for the year in question;

2. Defendant failed to make such a return; and

3. Defendant's failure was willful.

*United States v. Ostendorff,* 371 F.2d 729, 730 (4th Cir.), *cert. denied,* 386 U.S. 982, 87 S.Ct. 1286, 18 L.Ed.2d 229 (1967); Devitt & Blackmar, *Federal Jury Practice and Instructions,* § 35.29 (3d ed. 1977).

As regards the second element of the offense, the court charged the jury as follows:

him. However, in his motion for judgment of acquittal on grounds of vindictive prosecution, defendant stated that "the information supplied by Defendant was really nothing new, or should not have been, to the government for reason that it was readily available to any government agent." Defendant's Motion for Judgment of Acquittal, at 6. Given this statement, the court cannot discern the factual basis for defendant's Fifth Amendment argument.

The second element of the offense of failure to file an income tax return is that a defendant failed to make such a return at the time required by law.

Whether the documents that the defendant claims to have filed with the Internal Revenue Service are valid tax returns is a question of law for me to decide. You are instructed that those documents are not valid tax returns because they do not contain sufficient information relating to the taxpayer's income from which a tax can be computed.

It does not necessarily follow, however, from the fact that the defendant filed documents that are not valid tax returns that the defendant willfully failed to file valid tax returns.

Defendant objected to this instruction at the time it was given and again raises his objection in his motion for a new trial.

Defendant specifically argues that (1) the documents he filed for the years in question were income tax returns because they contained numbers for taxable income and computations therefrom and (2) this court erred in taking the issue from the jury by instructing that they were not returns. Defendant further argues that this court's action whittled away his defense to the third element of the offense—willfulness.

Defendant is a 42-year old college graduate. He has been employed since 1963 by various companies around the country as a contract engineer working primarily in the area of aircraft stress analysis. Defendant filed federal income tax returns as required by law until 1975. In September of that year, he began filing W–4E forms claiming that he had no tax liability for the previous year and did not anticipate any in the current year.[3] In fact, defendant's income tax liability was over $3,500 in 1974, and he had gross income in excess of $37,000 in 1975 and in excess of $22,000 in 1976.

Defendant did attempt to file a 1040 form for each of the tax years at issue. In response, the Internal Revenue Service mailed a letter to defendant in each year informing him that his 1040 form was not acceptable as a tax return. To fully address defendant's arguments, it is necessary to describe in detail the 1040 forms which defendant attempted to file.

The 1040 form submitted by defendant for 1975 contains only his name, Social Security number, address, marital status and, on the taxable income line (line 47), the figure "6540.72" with a reference to a footnote which explains that the figure is in "lawful US dollars." In addition, lines 16 through 26 contain a figure reflecting a computation of a refund due based on the taxable income figure from line 47. The remaining applicable lines on the form relating to income, taxes and credits have the notation "OBJECT" (instead of dollar figures) with a reference to another footnote explaining that such an entry "indicates I object to answering the question on grounds that it violates my rights under 4th and 5th amendments to the U.S. Constitution." Attached to the document is over 100 pages of tax protest materials.

The 1040 form submitted by defendant for 1976 is similar to the form submitted for 1975 except that the taxable income line (line 47) contains a zero as do the majority of lines 16 through 28, which reflect a computation of tax due based on a taxable income of zero.[4] The remaining applicable lines on the form relating to income, taxes and credits have the notation "OBJECT" with reference to the same footnote as is referenced in the 1975 form. Defendant also attached over 100 pages of tax protest materials to this document.

## A.

■ The first issue raised in defendant's motion for a new trial is whether the 1040

---

**3.** The effect of a W–4E is to exempt an individual from the withholding tax requirements. It is intended to be used by persons who do not earn sufficient income to have federal income tax liability.

**4.** Some of these lines also contain the notation "OBJECT."

forms submitted by defendant for the tax years 1975 and 1976 are tax returns. The court ruled as a matter of law that they are not. It is clear that the mere act of filing a form 1040 does not constitute filing a return for purposes of § 7203. *United States v. Smith,* 618 F.2d 280, 281 (5th Cir.), *cert. denied,* 449 U.S. 868, 101 S.Ct. 203, 66 L.Ed.2d 87 (1980). The traditional standard for determining whether a document is a tax return was first set forth in *United States v. Porth,* 426 F.2d 519, 523 (10th Cir.), *cert. denied,* 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970), and adopted by the Eighth Circuit in *United States v. Daly,* 481 F.2d 28, 29 (8th Cir.), *cert. denied,* 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973):

> A taxpayer's return which does not contain any information relating to the taxpayer's income from which the tax can be computed is not a return within the meaning of the Internal Revenue Code or the regulations adopted by the Commissioner.

■ Defendant argues that his 1040 forms are returns because they contain figures on the taxable income line from which a tax could be computed. The court agrees that a tax can be computed given a taxable income figure [5] but does not agree that this alone is the standard for determining whether a document is a tax return. The mere fact that a tax could be calculated from information on a form should not be determinative of whether the form is a

return. *United States v. Moore,* 627 F.2d 830, 835 (7th Cir.1980), *cert. denied,* 450 U.S. 916, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981). The taxpayer in *Daly* had filed documents which contained no financial information whatsoever and so the Eighth Circuit had no reason to analyze the sufficiency of the basic definition of a return developed in *Porth.* This court is now faced with that task.

■ The 1040 forms submitted by defendant are not tax returns because they do not provide all of the information required by the Internal Revenue Code (Title 26) or the regulations promulgated thereunder to be included in a return. The court finds 26 U.S.C. § 6011(a), entitled "General requirement of return, statement, or list," to be particularly instructive. It provides that "Every person required to make a return or statement shall include therein the information required by such forms or regulations [as prescribed by the Secretary]." [6] In 26 C.F.R. § 1.6012–1(6) the Secretary prescribed the Form 1040 for 1975 and the Form 1040 for 1976 which defendant used in attempting to file his individual income tax returns in 1975 and 1976. Rather than providing all of the information required by each Form 1040, defendant asserted constitutional objections on several lines.[7] By objecting rather than providing the information called for on the form for each year, defendant failed to file returns.

*United States v. Moore,* 627 F.2d 830, 834 (7th Cir.1980) (relying on § 6011(a) in defining return for purposes of § 7203), *cert. denied,* 450 U.S. 916, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981).

---

**5.** It might be argued that defendant's returns, one which has a figure in "lawful dollars" for taxable income and another which has the figure zero for taxable income, do not contain sufficient information from which the taxpayer's tax can be computed and, thus, are not returns even under *Porth* and *Daly.* The court, however, does not feel it is necessary to make such a strained interpretation of these cases.

**6.** Although § 6011(a) does not precisely define the term return, it does state what information must be included in such return. Thus, based on its language, placement in the Code and title, the court interprets the section to be primarily definitional. Even though § 6011(a) applies by its terms to "persons made liable for any tax," the court can think of no reason for the legislature to have intended a different definition of a return for purposes of § 7203. *See*

**7.** A taxpayer who objects on Fifth Amendment grounds where the Form 1040 requires that information be provided is no different as far as this definition is concerned than one who leaves blanks where the Form 1040 requires that information be provided. The objecting taxpayer, however, may have an absolute Fifth Amendment defense or may be entitled to a good faith Fifth Amendment instruction, neither of which is available to the taxpayer who leaves blanks where he is required to provide information. The impact of the Fifth Amendment on this definitional analysis will be discussed *infra* at p. 1331.

In this court's view, it makes practical sense to define a return as one which contains all of the information required by the Code or the regulations. As tax protesters have become more active and more creative, courts are increasingly confronted with situations similar to the one now facing this court. *See* Annot., 60 A.L.R.Fed. 158 (1982). It is important that a rule be developed which provides guidance to both the government in electing how to proceed against individuals failing to comply with the income tax laws[8] and to courts in resolving this issue in differing circumstances. A rule that defines a tax return as one which contains all of the information required by the Internal Revenue Code or the regulations promulgated thereunder provides the necessary guidance.

Legislative intent, as evidenced by the purpose of § 7203, also supports the definition of a tax return adopted by this court.

Under 26 U.S.C. §§ 7203 and 6651, the taxpayer's failure to satisfy the return requirement is the essence of the violation itself. Each section provides a penalty, one civil and one criminal, to insure prompt collection of taxes. In our self-assessment system of taxation in which the taxpayer is called upon to supply information for computation, assessment and collection of tax, the return requirement must be so defined as to allow the Service to verify the accuracy of the information it receives.

*Conforte v. Commissioner of Internal Revenue,* 692 F.2d 587, 592 (9th Cir.1982). In order to allow governmental monitoring of a self-assessment system and thereby protect the federal revenues, a tax return, in this court's view, must provide all the information required by the Code or the regulations.

The Court of Appeals for the Fifth Circuit adopted a similar definition of a return in *United States v. Chrane,* 529 F.2d 1236, 1238 (5th Cir.1976) when it noted that "The statutory scheme [of § 7203] contemplates that the form for a return will be filed with appropriate information noted thereon." Under this definition, the Court observed that the offense of failure to file and the offense of failure to supply information under § 7203 become coterminous—one offense with two labels. The *Chrane* Court found nothing inconsistent with such a result but did hold that a defendant could not be convicted of both offenses and, therefore, required the government to elect.

The Fifth Circuit has also held that a tax return containing nothing but zeros and constitutional objections was not a return because it "did not even purport to disclose the required information." *United States v. Smith,* 618 F.2d 280, 281 (5th Cir.), *cert. denied,* 449 U.S. 868, 101 S.Ct. 203, 66 L.Ed.2d 87 (1980). *See United States v. Brown,* 591 F.2d 307 (5th Cir.) (a 1040 form providing some financial data is not a return), *cert. denied,* 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979). More recently, the Court of Appeals for this Circuit, in affirming the conviction of a defendant for failure to file under § 7203, approved the following instruction given by the trial court: "'filing a 1040 form with a fifth amendment objection to income questions constitutes a failure to file the return.'" *United States v. Farber,* 630 F.2d 569, 573 (8th Cir.1980), *cert. denied,* 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1981). In that case, the defendant had reported $95.00 in income but specifically had objected on Fifth Amendment grounds to the line calling for income from services other than wages, dividends and interest and had attached tax protest materials to the form. Thus, the Fifth and Eighth Circuits have indicated that a return must provide all of the information required by the Code or the regulations.

Several other Circuits have considered cases in which defendants have submitted tax forms which included some income figures. In *United States v. Edelson,* 604 F.2d 232 (3d Cir.1979), the Third Circuit affirmed

---

**8.** For example, the government could choose to proceed under § 7201, tax evasion; § 7203, failure to file; or § 7206, making false returns.

the conviction under § 7203 of a defendant who provided a total income figure in constitutional dollars but had asserted the Fifth Amendment privilege to all other requested information. On nearly identical facts, the Tenth Circuit has taken the position that "failure to provide any information is tantamount to no return at all," *United States v. Brown,* 600 F.2d 248, 251 (10th Cir.), *cert. denied,* 444 U.S. 917, 100 S.Ct. 233, 62 L.Ed.2d 172 (1979). Thus, the Third and Tenth Circuits appear to have at least implicitly adopted a definition of a return similar to that proposed by this court.

In *United States v. Moore,* 627 F.2d at 835, the Court of Appeals for the Seventh Circuit extensively analyzed the definition of a return and concluded that "it is not enough for a form to contain some income information; there must also be an honest and reasonable intent to supply the information required by the tax code."[9] The Court specifically elected not to adopt a bright line rule even though it believed that such a rule would be easier to enforce. *Id.*

This court is of a view that a bright line rule makes the most sense. Deciding whether an individual has made an "honest and reasonable attempt to supply information" could be a difficult task for a court but even a more difficult task for the government when deciding whether to prosecute a particular individual and for what offense. The *Moore* Court was obviously concerned with this very problem when it stated that "The government should not have to guess whether it should take the position that a form is not a return and charge the taxpayer with failure to file, or that the form is a return and charge him with filing a false return or tax evasion."

*Id.* This court does not believe that the definition of a return proposed in *Moore* will solve the government's dilemma.

The facts of *United States v. Long,* 618 F.2d 74 (9th Cir.1980) illustrate the potential problems with the Seventh Circuit rule. The taxpayer in *Long* submitted a form with zeros in all of the blanks and attached some tax protester materials to the form. In a trial without a jury, the defendant was convicted of failure to file under § 7203. The Ninth Circuit reversed the conviction, holding that the form was an adequate return, even though it might have been false. The Seventh Circuit indicated in *Moore* that, had it been faced with facts similar to those in *Long,* it would have concluded that there was no reasonable intent to supply information and that, therefore, no return was filed.[10] The result in *Long* would clearly be the same under this court's bright line rule.[11] More importantly, the government would not be required to determine whether a taxpayer had an honest and reasonable intent to supply information before deciding how to charge the taxpayer.

The rule adopted by this court is also consistent with the position taken by the Ninth Circuit in a case prior to *Long.* In *United States v. Schmitz,* 542 F.2d 782 (9th Cir.1976), *cert. denied,* 429 U.S. 1105, 97 S.Ct. 1134, 51 L.Ed.2d 556 (1977), that Court affirmed the conviction under § 7203 of a taxpayer who had filed a 1040 form with lines drawn through all the boxes calling for financial information. The defendant in that case also had filed an amended 1040 form on which he entered zeros on most of the lines calling for numerical figures but did not provide any information on several lines. Neither of these documents would be

---

**9.** The *Moore* Court did not need to reach the issue before this court because the defendant in that case had not signed the forms he submitted and, therefore, they clearly were not returns. By the Court's own admission, its discussion of the issue is dicta.

**10.** "In the tax protester cases, it is obvious that there is no 'honest and genuine' attempt to meet the requirements of the code. In our self-reporting tax system the government

should not be forced to accept as a return a document which plainly is not intended to give the required information." *United States v. Moore,* 827 F.2d at 835. *See United States v. Rickman,* 638 F.2d 182, 184 (10th Cir.1980) (disagreeing with *Long*).

**11.** A taxpayer could attach a copy of anything he wished to his 1040 form and it would be a return if he provided all of the information called for on that form.

returns under this court's definition since they did not provide all of the information called for on the form prescribed by the Secretary. *See United States v. Johnson,* 577 F.2d 1304 (5th Cir.1978) (a 1040 form containing only identifying information is not a return); *United States v. Pryor,* 574 F.2d 440 (8th Cir.1978) (a 1040 form containing name and address but no other information is not a return within the meaning of § 7203); *United States v. Radue,* 486 F.2d 220 (5th Cir.1973) (a blank 1040 form does not constitute a return), *cert. denied,* 416 U.S. 908, 94 S.Ct. 1615, 40 L.Ed.2d 113 (1974). *But see United States v. Crowhurst,* 629 F.2d 1297 (9th Cir.) (a signed 1040 form with W–2 forms attached is a return for purposes of filing a false return in violation of § 7206(1) even though the form is blank), *cert. denied,* 449 U.S. 1021, 101 S.Ct. 587, 66 L.Ed.2d 482 (1980).

■ The earlier cases relied on by *Porth* and *Daly* and referred to by the Seventh Circuit in *Moore* considered the definition of a return in the context of determining what statute of limitations to apply and whether the statute of limitations had run for purposes of civil liability. *See Germantown Trust Company v. Commissioner,* 309 U.S. 304, 308–09, 60 S.Ct. 566, 568, 84 L.Ed. 770 (1940); *Zellerbach Company v. Helvering,* 293 U.S. 172, 180, 55 S.Ct. 127, 130, 79 L.Ed. 264 (1934); *Florsheim Brothers Company v. United States,* 280 U.S. 453, 462, 50 S.Ct. 215, 218, 74 L.Ed. 542 (1930); *National Contracting Company v. Commissioner,* 105 F.2d 488, 491 (8th Cir.1939). Although these cases provide some authority for the adoption of "honest and reasonable intent to supply information" as the standard for determining whether a document is a return, this court does not find them to be dispositive in the context of a criminal prosecution under § 7203. *See Conforte v. Commissioner of Internal Revenue,* 692 F.2d 587, 591 (9th Cir.1982). For the reasons set forth above, this court holds that a

taxpayer who fails to provide all of the information required by the Internal Revenue Code (Title 26) or the regulations promulgated thereunder has not filed a return for purposes of § 7203.

The initial determination of whether a document is a return does not resolve the issue in those instances where Fifth Amendment objections have been made on the document. In that instance, the court is required to evaluate the propriety of a defendant's Fifth Amendment objections. Such an inquiry is required in this case since defendant did assert the Fifth Amendment on his 1040 forms for both 1975 and 1976. Until the Fifth Amendment issue is resolved, it cannot be determined whether the 1040 forms defendant filed in 1975 and 1976 are returns. *See United States v. Neff,* 615 F.2d 1235, 1238 (9th Cir.), *cert. denied,* 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980).

Defendant filed 1040 tax forms in 1975 and 1976 on which he made constitutional objections on several lines. Because defendant made his constitutional objections in regard to specific questions on the 1040 forms he submitted to the Service, he was entitled to a judicial determination as to whether or not his exercise of the Fifth Amendment in each instance was proper. *Garner v. United States,* 424 U.S. 648 at 664, 96 S.Ct. 1178 at 1187, 47 L.Ed.2d 370. This court determined that defendant's exercise was improper after an *in camera* hearing at which defendant testified with his counsel present.[12]

At the hearing, defendant testified that he owned gold in a foreign bank account prior to 1975 and that he believed such activity to be illegal. On his 1974 return, defendant furnished all of the financial information called for; however, he did not answer a question relating to whether he had a foreign bank account, nor did he file a Form 4683 which was required to be filed

---

**12.** Defendant's testimony at the *in camera* hearing paralleled his subsequent testimony in the presence of the jury.

by taxpayers who had an interest in foreign bank accounts.[13]

For the 1975 tax year, defendant again did not file a form 4683 and objected on a majority of the lines calling for financial information.[14] Defendant testified that he objected to providing the information called for on the 1975 form so that he would not incriminate himself as to his 1974 tax crimes and his foreign ownership of gold prior to 1975. Defendant was unable to explain how providing any of the information to which he objected on his 1975 return would have incriminated him as to any of the crimes he allegedly had committed. It is arguable that the filing of a Form 4683 in 1975 would have provided the government with a link in the chain to discovering his 1974 tax crimes and his illegal ownership of gold in 1974. However, because defendant did not file this document, he cannot now claim that to have filed it would have violated his right against self-incrimination. *See United States v. Sullivan,* 274 U.S. 259 at 264, 47 S.Ct. 607 at 607, 71 L.Ed. 1037. In addition, defendant admitted that the majority of his objections were just a "smoke screen" used so as not to draw attention to his real objections.

For the 1976 tax year, defendant again did not file a Form 4683 and again objected on a majority of the lines on his 1040 form calling for financial information. Defendant testified that he objected to providing the information called for on the 1040 form so that he would not incriminate himself as to his 1974 tax crimes, his foreign ownership of gold prior to 1974, and the tax crime of failing to file a Form 4683 for the 1975 tax year. Specifically, defendant stated that if he were to have correctly answered questions relating to deductions, dividends

and interest, he would have been required to file Schedules A and B. These schedules would have required that he declare information relating to the foreign bank account.[15] Again, because defendant did not file Schedules A and B nor Form 4683, he cannot now claim that to have filed them would have violated his right against self-incrimination. *Id.* In addition, defendant testified that the majority of his objections were just a "smoke screen" used so as to not draw attention to his real objections.

■ It is abundantly clear from defendant's testimony that he was not entitled to take the Fifth Amendment in the manner that he did on his 1975 and 1976 returns. Although defendant objected to specific questions on his return, such a wholesale assertion of the privilege is an improper attempt to draw a "conjurer's circle" around the obligation to file a return unless defendant can show that the privilege was properly asserted as to each question. *United States v. Edelson,* 604 F.2d 232, 234 (3d Cir.1979). Defendant did not make such a showing. First, defendant failed to provide any information relating to his gross income. Although the source of such income might be privileged, the amount must be reported. *United States v. Wade,* 585 F.2d 573, 574 (5th Cir.1978), *cert. denied,* 440 U.S. 928, 99 S.Ct. 1264, 59 L.Ed.2d 484 (1979). In addition, the majority of objections defendant made were, by his own admission, only as a smoke screen and, thus, providing the information would not have any appreciable danger of incriminating defendant for any tax or non-tax crime.[16] Thus, defendant's assertion of his Fifth Amendment privilege was properly rejected. Such being the case, the documents

---

**13.** These will be referred to as defendant's "1974 tax crimes."

**14.** There was no question on the 1975 tax forms relating to foreign bank accounts.

**15.** In 1976, these schedules included a question as to whether the taxpayer had any foreign accounts. Also, defendant claims that he could have claimed a nominal deduction for depository fees on the foreign gold account which he

would have been "required" to declare on Schedule A.

**16.** If defendant would have been in danger of incriminating himself for past tax crimes only, he arguably would not have been entitled to the protection of the Fifth Amendment under any circumstances. *See United States v. Carlson,* 617 F.2d 518, 520–23 (9th Cir.), *cert. denied,* 449 U.S. 1010, 101 S.Ct. 564, 66 L.Ed.2d 468 (1980).

submitted for 1975 and 1976 do not constitute returns.

## B.

The second issue defendant raises in support of his motion for a new trial is that it was error for the court to instruct the jury that, as a matter of law, the documents defendant filed in 1975 and 1976 were not tax returns. The only Court to squarely address this precise issue ruled without explanation that "the determination of what is an adequate return is a legal question and it was proper for the district court to decide that question." *United States v. Moore,* 627 F.2d 830, 834 (7th Cir.1980). This court agrees.

 Defendant does not dispute that the determination of whether a taxpayer properly asserted the Fifth Amendment is for the trial court. *Hoffman v. United States,* 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951); *United States v. Neff,* 615 F.2d 1235, 1239–41 (9th Cir.), *cert. denied,* 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980). If the court determines that a defendant has properly exercised his privilege against self-incrimination, then that defendant cannot be convicted for violating 26 U.S.C. § 7203. *Garner v. United States,* 424 U.S. at 662, 96 S.Ct. at 1186. By properly asserting his privilege against self-incrimination, a defendant has filed a return to the extent constitutionally required. Thus, a trial court making such a finding would be required to acquit defendant, as a matter of law, on the basis· that a valid return was filed.

 In this case, the court found that defendant had not filed a return in each of the years in question since he did not provide all of the information required on the 1040 forms and did not properly exercise his Fifth Amendment privilege on those forms. The defendant argues that this issue is one for the jury. This court holds that, since it turns on the legal question of whether a defendant properly exercised his Fifth Amendment rights, the issue of whether or not a given document is a return is for the court to determine in all instances where the Fifth Amendment has been asserted on the purported return.[17] Therefore, it was proper to rule as a matter of law that defendant failed to file a valid return in 1975 and 1976.

Simply because a court rules as a matter of law that a defendant improperly asserted his Fifth Amendment privilege and, hence, that no return was filed, does not seal a defendant's fate. The prosecution still bears the burden of proof in establishing willfulness. It is precisely this burden which prevents § 7203 from being an impermissible burden on a taxpayer's Fifth Amendment rights. *See Garner v. United States,* 424 U.S. at 666, 96 S.Ct. at 1188 (Marshall, J., concurring).

Defendant in this case testified as to why he believed that he was entitled to take the Fifth Amendment. The court, relying on *United States v. Farber,* 630 F.2d 569, 574 (8th Cir.1980), *cert. denied,* 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1981) and *United States v. Thiel,* 619 F.2d 778, 782 (8th Cir.), *cert. denied,* 449 U.S. 856, 101 S.Ct. 152, 66 L.Ed.2d 70 (1980), instructed the jury as follows: "Under the facts as presented in this case, the Fifth Amendment privilege is not a defense to the crimes charged in the information. However, the willfulness element of the crimes here charged may be negated by a reasonable though erroneous assertion of the Fifth Amendment in good faith."[18] The jury

---

**17.** In cases where a taxpayer leaves blanks on his 1040 form rather than providing all of the required information, this court would reach the same result. Under the definition of a return adopted by this court, a 1040 form containing any blanks where information is required to be provided would clearly not be a return. In such a case, the trial court, by instruction, can take the issue away from the

jury. *Cf. Guy v. United States,* 336 F.2d 595 (4th Cir.1964) *with United States v. England,* 347 F.2d 425, 431 (7th Cir.1965). This issue is not before the court, however.

**18.** The Eighth Circuit has ruled that the good faith Fifth Amendment defense is not available to a defendant who submits documents which are not tax returns because they do not contain sufficient information. *United States v. Bar-*

apparently found that defendant's objections were either not in good faith or not reasonable, or both.

### C.

 Finally, defendant moves for a new trial on the grounds that, by instructing the jury on the second element of the offense, the court "whittled away" defendant's defense to the third element—willfulness. Because the court finds that its instructions on the second element were proper, it must reject defendant's argument. In addition, it should be noted that the court was careful to instruct the jury that the issue of willfulness was separate from the issue of whether a valid return was filed. This was the proper manner to instruct the jury. *See United States v. Farber,* 630 F.2d at 574 (instruction on failure to file did not predetermine the separate, hotly contested issue of whether Farber's failure to file was willful). Thus, defendant's willfulness defense was not "whittled away" in any sense.

The evidence in the case overwhelmingly supported the jury's verdict. The defendant engaged in a scheme through the filing of false W–4E forms and the subsequent failure to file tax returns by which he attempted to avoid his obligations to pay taxes. As the Eighth Circuit observed in *United States v. Thiel,* 619 F.2d at 782, "This is yet another case in the current wave of frivolous tax protests engendered by individuals who knowingly and willfully are attempting to shift their tax burdens onto the complying public." Defendant, represented by able and competent counsel, had his day in court, and his case was properly submitted to the jury. Therefore, defendant is not entitled to a new trial.

Upon the foregoing,

IT IS ORDERED That defendant's motion for judgment of acquittal on Counts I and II of the Information is hereby in all things denied.

ney, 674 F.2d 729, 731 (8th Cir.1982); *United States v. Miller,* 634 F.2d 1134, 1135 (8th Cir. 1980). *See United States v. Farber,* 630 F.2d at 574–75 (Lay, J., dissenting from order denying petition for rehearing en banc). This court is

IT IS FURTHER ORDERED That defendant's motion for a new trial is hereby in all things denied.

of the opinion that the appropriateness of the good faith Fifth Amendment instruction does not depend on whether the documents submitted by a defendant constitute valid tax returns under this court's definition.