**Gregory T. NICHOLS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**James A. McGINLEY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Nos. Civ. 4–83–564, Civ. 4–83–592.**

United States District Court, D. Minnesota.

Dec. 20, 1983.

Kirby A. Dahl, Willenbring, Lichteig & Dahl, Cold Springs, Minn., for plaintiffs.

James M. Rosenbaum, U.S. Atty., and Paul W. Day, Asst. U.S. Atty., Minneapolis, Minn., and Mary Frances Clark, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

These cases are before the Court on the defendant's motions for judgment on the pleadings. The plaintiffs seek a refund of $500 penalties that the Internal Revenue Service (IRS) imposed on them for filing allegedly frivolous income tax returns.

### FACTS

The plaintiffs, Gregory Nichols and James McGinley, are both employed by a company called CPT Corporation in Minneapolis, Minnesota. The tax returns at issue were filed for the 1982 tax year. In each case, the plaintiff filed a Form 1040 and

Schedule C profit and loss statement, a W–2 form, and a cover letter. The 1040 forms were unsigned and contained the words "For Information (Informal) Purposes Only/Not a Return" in the signature space. Each form listed wages, tips, and salary as zero, even though the accompanying W–2 forms show that Nichols had $15,042 in wages and McGinley had $38,642. The word "Incorrect" was written across both W–2 forms with no explanation of what was incorrect about them. Both plaintiffs claimed a refund for the total amount withheld by the IRS, although McGinley's form contains a $500 arithmetic error in the IRS' favor. The cover letters, which were identical, refer vaguely to IRS fraud and propaganda and state that the author is submitting his tax forms for informational purposes in support of his request for a complete refund.

Upon receiving the documents, the IRS assessed a $500 penalty against each plaintiff pursuant to 26 U.S.C. § 6702, a recently enacted law designed to deter the filing of protest tax returns. Pursuant to the statute, each plaintiff tendered 15 percent of the penalty ($75) and demanded abatement of the penalty. The IRS disallowed the plaintiffs' demands and the plaintiffs filed separate suits.

DISCUSSION

The relevant statute is 26 U.S.C. § 6702 which provides as follows:

Frivolous income tax return

(a) Civil penalty.—If—

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws, then such individual shall pay a penalty of $500.

(b) Penalty in addition to other penalties. —The penalty imposed by subsection (a) shall be in addition to any other penalty provided by law.

The issues before the Court are whether each plaintiff filed "what purports to be a [tax] return" and, if so, whether that return was frivolous. These are legal questions for the Court to decide. *See United States v. Grabinski*, 558 F.Supp. 1324, 1333 (D.Minn.1983), *citing United States v. Moore*, 627 F.2d 830, 834 (7th Cir.1980). The government bears the burden of proving that the penalties are justified. 26 U.S.C. § 6703.

■ The plaintiffs' main contention is that they are not liable under section 6702 because they did not file "what purports to be a tax return." The plaintiffs rely on the definition of "return" set forth in *United States v. Grabinski*, 558 F.Supp. 1324 (D.Minn.1983). In that case, which involved a criminal prosecution for failure to file a return under 26 U.S.C. § 7203, the court held that "a taxpayer who fails to provide all of the information required by the Internal Revenue Code (Title 26) or the regulations promulgated thereunder has not filed a return for purposes of § 7203." 558 F.Supp. at 1331. The plaintiffs maintain that, since they did not provide all of the required information, by definition they did not file returns and cannot be held liable under section 6702.[1]

The obvious flaw in the plaintiffs' argument is that *Grabinski* defines "return" only for purposes of section 7203, a criminal statute, not for purposes of section 6702, which provides for an administratively imposed sanction for filing a frivolous

1. The plaintiffs seem to be arguing, in effect, that they should have been charged with failure to file a return instead of with filing a frivolous return. This is an unusual argument for them to make, considering that the penalty for failure to file is a maximum of one year imprisonment plus a fine of $25,000, as opposed to the $500 penalty assessable under section 6702.

tax return. Moreover, the conduct to which the plaintiffs admit—deliberately filing incomplete tax forms—is precisely the type of conduct that section 6702 was designed to punish and deter:

The penalty will be immediately assessable against any individual filing a "return" in which many or all of the line items are not filled in except for references to spurious constitutional objections. Furthermore, the penalty is available against any individual filing a purported return in which insufficient information to calculate the tax is given ....

S.Rep. No. 494, 97th Cong., 2d Sess. 278, *reprinted in* 1982 U.S.Code Cong. & Ad. News 781, 1024. An interpretation of section 6702 that excludes liability for filing an incomplete tax return would be directly contrary to the clear intent of Congress.

The *Grabinski* definition of "return" does not apply to section 6702 for another reason as well. Section 6702 requires only that the documents filed *purport* to be a tax return, not that they actually be a tax return. In these cases, the documents filed purported to be tax returns. The plaintiffs used official tax forms. The cover letters stated that the plaintiffs were seeking "a full refund of all the taxes ... paid." One cannot obtain a refund without filing a return. 26 C.F.R. § 301.6402-3(a)(1) (1983). Since the plaintiffs' stated purpose was to obtain a refund, the documents submitted must be deemed to be purported tax returns for purposes of section 6702. It is true that the plaintiffs wrote on the forms that they were not returns, but this disclaimer has no effect in light of the plaintiffs' stated purpose to have the documents treated as returns. If such a disclaimer were sufficient to avoid liability under section 6702, tax protesters could flood the IRS with frivolous tax returns bearing similar disclaimers without penalty. Section 6702's purpose of deterring frivolous filings would be completely undermined.

Given that the plaintiffs filed purported tax returns, little discussion is required to establish the remaining elements of liability. Each tax return "on its face

indicate[d] that the [taxpayer's] self-assessment [was] substantially incorrect." Both returns listed wages, salaries, and tips as zero, yet the accompanying W–2 forms showed that the plaintiffs had received substantial wages. Neither plaintiff made any attempt to explain the discrepancy beyond writing the word "Incorrect" across the W–2 form. It is also clear that the plaintiffs' position that they owed no tax was frivolous. The plaintiffs' claim that they are entitled to deduct their entire income as a "cost of labor" has been repeatedly rejected as "clearly frivolous." *E.g., Funk v. Commissioner,* 687 F.2d 264, 265 (8th Cir. 1982) (per curiam). Likewise, the plaintiffs' position that they are entitled to a complete refund because they received no governmental privileges during the tax year is without merit. *United States v. Buras,* 633 F.2d 1356, 1361 (9th Cir.1980).

Accordingly, IT IS ORDERED that the defendant's motions for judgment on the pleadings are granted and the plaintiffs' complaints are dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.