UNITED STATES of America, Plaintiff,

v.

Jane R. FERGUSON, Defendant.

Cause No. IP 84–100–CR.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Feb. 12, 1985.

Roger Duncan, Asst. U.S. Atty., Indianapolis, Ind., for plaintiff.

Lowell H. Beecraft, Huntsville, Ala., for defendant.

## MEMORANDUM OF DECISION AND FINDING OF GUILTY

NOLAND, Chief Judge.

On November 15, 1984, the Grand Jury returned an eight count indictment against defendant, Jane R. Ferguson. Counts one through three allege that defendant willfully and knowingly failed to file an income tax return for the years 1980, 1981, and 1982. Counts four and five allege that defendant willfully supplied false and fraudulent statements claiming to be exempt from withholding for federal income taxes. These statements were allegedly submitted in 1982 and 1983. Counts six through eight allege that defendant knowingly filed fraudulent claims against the United States on three occasions, once in 1981 and twice in 1983.

Trial on this matter began on January 14, 1985. At this time defendant, in open court, waived her right to have the case decided by a jury. The Court, after fully explaining to defendant her absolute right to a jury trial, accepted defendant's waiver and proceeded to trial without a jury. The government concluded its case on January 16, 1985, after which the defendant moved for acquittal. The Court overruled the motion, and defendant rested without calling any witnesses or presenting any evidence.

The Court now finds, for the reasons set forth below, that defendant is guilty on all counts of the indictment.

## COUNTS 1–3

■ Counts one through three allege that defendant willfully and knowingly failed to make an income tax return for the years 1980, 1981, and 1982, in violation of 26 U.S.C. § 7203. Section 7203, in pertinent part, states that "[a]ny person required under this title ... by law or regulation to make a return ... who willfully fails to make such a return ... shall be guilty of a misdemeanor." To establish a conviction the government must prove that defendant was required to file a return, that defendant failed to make a return, and that defendant's failure was willful. *Unit-*

*ed States v. Grabinski,* 558 F.Supp. 1324 (D.C.Minn.1983). Willfully in the tax crime statutes means a voluntary, intentional violation of a known legal duty. *United States v. Moore,* 627 F.2d 830 (7th Cir. 1980), *cert. denied,* 450 U.S. 916, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981). The government may establish a willful violation by circumstantial evidence alone. *United States v. MacLeod,* 436 F.2d 947 (8th Cir.), *cert. denied,* 402 U.S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 647 (1971).

■ Defendant, in support of her motion for acquittal, argues that the government failed to prove defendant acted willfully. Defendant contends the evidence introduced at trial established only a civil tax liability and not that defendant acted willfully. The Court finds, however, that the government carried its burden of proving the violations of 26 U.S.C. § 7203.

Government's exhibit 35 consists of the record of income earned by defendant while an employee of the Delco-Remy Division of General Motors in Anderson, Indiana. The exhibit, along with the attached wage and tax statement, shows that defendant earned $20,858.12 in 1980. Government's exhibit 36, also a record of defendant's earnings, establishes that defendant earned $24,644.32 in 1981. Government's exhibit 37 shows that defendant earned $27,205.53 in 1982. The government thus proved that defendant was required to file a return in each of the years in question, since defendant had sufficient gross income to necessitate filing a return. *See* 26 U.S.C. § 6012.

In support of the second element the government offered the testimony of Beatrice Cox and, in addition, government's exhibits 4 and 5. Cox testified that exhibits 4 and 5 were account transcripts of defendant kept by the Internal Revenue Service. Cox stated these transcripts revealed that defendant did not file a return in 1980, 1981, and 1982. In addition to this evidence the government introduced exhibits 50 through 54. These exhibits are all entitled "Affidavit of Revocation" and are signed by defendant. Each affidavit states

that defendant is "not required to file or pay a tax" because defendant was not a corporation and had not "been granted any special privileges by the government, which would make me liable for any income tax." These exhibits are further evidence that defendant did not file a return during the years in question. The Court finds that the government has established the failure to file a return in 1980, 1981, and 1982. Thus, the second element of the offense has been proved.

The government must now show that the failure to file was willful. In order to establish this the government introduced exhibits 1, 2, and 3. These exhibits were joint returns filed by defendant and her husband in 1977, 1978, and 1979. The Seventh Circuit has previously held that, in a prosecution for failure to file a tax return, earlier returns can be used to show willfulness. *United States v. Moore, supra; United States v. Farris,* 517 F.2d 226 (7th Cir.1975). The Court finds that the fact defendant had previously filed income tax returns demonstrates she knew of her duty to file in 1980, 1981, and 1982, but willfully failed to do so. Additional exhibits introduced by the government show that defendant did not consider the Internal Revenue Codes "legal" since they were "not duly constituted laws enacted or in agreement with the United States Constitution." (Government's exhibit 56.) Defendant's belief in the invalidity of the tax laws further strengthens the government's contention that defendant acted willfully and not just accidentally, inadvertently, or negligently.[1]

In view of the foregoing, it is clear beyond a reasonable doubt that defendant willfully failed to file a return in 1980, 1981, and 1982, in violation of 26 U.S.C. § 7203.

## COUNTS 4 & 5

■ Counts four and five of the indictment allege that defendant willfully sup-

plied false and fraudulent statements to her employer, Delco-Remy, in which she claimed to be exempt from withholding for federal income taxes. The indictment alleges defendant submitted the false withholding statements in 1982 and 1983.

26 U.S.C. § 7205(a) states:

Any individual required to supply information to his employer under section 3402 who willfully supplies false or fraudulent information, or who willfully fails to supply information thereunder which would require an increase in the tax to be withheld under section 3402, shall, in lieu of any other penalty provided by law (except the penalty provided by section 6682), upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both.

To establish a violation of this section the government must show that defendant was an employee, that defendant supplied false or fraudulent information, and that she acted willfully. *United States v. Herzog,* 632 F.2d 469 (5th Cir.1980), *reh. denied,* 636 F.2d 315 (1981). As under section 7203, willfully means a voluntary, intentional violation of a known legal duty.

Government's exhibit 41 is defendant's employment record from Delco-Remy. This exhibit shows that defendant was employed by Delco-Remy from 1981 through 1984. Defendant stipulated to the admission of this document and also stipulated that only one "Jane R. Ferguson" worked at Delco-Remy during the time in question. Thus, there is no dispute that defendant was an employee.

The government introduced several exhibits to establish that defendant supplied false or fraudulent information. Government's exhibits 33 and 34, withholding certificates signed by defendant on January 12, 1982 (exhibit 33) and January 3, 1983 (exhibit 34) both state that defendant is exempt from income tax withholding. As proof that these certificates were false or

---

**1.** It is well settled that even a good-faith disagreement with the tax law does not negate willfulness. *United States v. Kraeger,* 711 F.2d 6 (2nd Cir.1983); *United States v. Moore, supra;*

*United States v. Karsky,* 610 F.2d 548 (8th Cir. 1979), *cert. denied,* 444 U.S. 1092, 100 S.Ct. 1058, 62 L.Ed.2d 781 (1980).

fraudulent, the government introduced exhibit 41, which showed that from 1981 to 1982 defendant earned from $10.39 to $11.09 per hour. Exhibit 41 also showed that from 1982 to 1984 defendant earned from $9.56 to $14.81 per hour. Therefore, since defendant had been earning income during the relevant time periods in counts four and five, defendant's claims of exemptions were clearly false.

The last element of a section 7205 violation is willfulness. Defendant again contends the government failed to establish that defendant acted willfully. The Court finds, however, that much of what the government used to establish willfulness under section 7203 supports a showing of willfulness under section 7205. Defendant knew of her obligation to pay taxes and to have tax withheld from her earnings (see exhibits 1, 2, and 3, with attached wage and tax statements), but willfully chose to disregard those obligations, in large part because of her disagreement with federal income tax laws.

The government has sustained its burden of establishing the offenses contained in counts four and five of the indictment.

## COUNTS 6, 7 & 8

Counts six, seven, and eight of the indictment allege that defendant violated 18 U.S.C. § 287, which states:

Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

Specifically, count six alleges that in 1981 defendant presented a fraudulent Form 1040X to the Internal Revenue Service, in which she claimed that she had no adjusted gross income or federal tax liability in 1979. (Government's exhibit 6.) Count seven alleges defendant submitted a fraudulent Claim Form 843 to the Internal Revenue Service in 1983. This form stated that tax collected during 1980 had been collected illegally and that Internal Revenue Service owed defendant a $903 refund. (Government's exhibit 7.) Count eight alleges that defendant submitted another fraudulent Claim Form 843 in 1983. This form requested a refund of $2,309. (Government's exhibit 8.)

The Court finds that the government has established the offenses charged in counts six, seven, and eight. The documents constituting exhibits 6, 7, and 8 are all claims made by defendant upon an agency of the United States, *i.e.*, the Internal Revenue Service. *See generally United States v. Miller*, 545 F.2d 1204 (9th Cir.1976), *cert. denied*, 430 U.S. 930, 97 S.Ct. 1549, 51 L.Ed.2d 774 (1977) (false claims for refund sent to Internal Revenue Service could be prosecuted under 18 U.S.C. § 287.) The government has also shown that defendant knew the claims were false, fictitious, or fraudulent. As has previously been established, defendant knew of her obligation to pay taxes and had done so in the past. But beginning in 1980, defendant refused to pay taxes, claimed she was exempt from withholding, and filed for a refund of any amount that was withheld or paid. Government's exhibit 6 shows that defendant attempted to get a refund of $10,165, which was the amount defendant paid in taxes in 1979 (see government's exhibit 3). Government's exhibit 7 shows that defendant requested a refund of $903, which was within eight cents of the amount withheld from defendant's wages in 1980 (see government's exhibit 58). Similarly, in government's exhibit 8 defendant claimed a refund of $2,309, which corresponds to the amount withheld from defendant's wages in 1981. The evidence submitted by the government indicates that defendant was attempting to avoid paying any money in income taxes, and that she knowingly submitted false claims in furtherance of her plan. Defendant's belief that income tax laws are invalid or that income tax withheld from her wages had been collected "illegally/errone-

**12**

ously" does not excuse her deliberate attempts to avoid paying taxes. *United States v. Moore, supra.* Counts six, seven, and eight have been proved beyond a reasonable doubt.[2]

Accordingly, the government having proved beyond a reasonable doubt all of the offenses in the indictment, defendant Jane R. Ferguson is found guilty on all eight counts. Pursuant to Rule 23 of the Federal Rules of Criminal Procedure, the above memorandum constitutes the general findings of fact and conclusions of law. The Court orders that the probation service of this Court complete a presentence investigation of defendant within 21 days of this entry.

IT IS SO ORDERED.

---

**2.** *The government correctly points out that there is a dispute as to whether materiality is an essential element of 18 U.S.C. § 287. Compare United States v. Irwin,* 654 F.2d 671 (10th Cir. 1981) *(materiality not an element), with United States v. Pruitt,* 702 F.2d 152 (8th Cir.1983) *(materiality is an element). The Court in* Pruitt *defined materiality as whether the claim had a* tendency to induce the government to act by placing the claimant in a position to obtain benefits from the government. If materiality is indeed an element of section 287, the court finds it has been established under the *Pruitt* test even though defendant never actually received the refunds.