Grant W. **SULLIVAN**

v.

**UNITED STATES of America.**

No. 84–774–L.

United States District Court, D. New Hampshire.

May 15, 1985.

---

Grant W. Sullivan, pro se.

Office of U.S. Atty., by Kevin E. Sharkey, Asst. U.S. Atty., Concord, N.H., for the U.S.

## ORDER ON MOTION TO DISMISS

LOUGHLIN, District Judge.

The plaintiff has filed suit pursuant to 26 U.S.C. § 6703 for a declaration that he is not liable for a tax penalty assessed by the Internal Revenue Service (IRS) for the filing of a frivolous tax return within the meaning of 26 U.S.C. § 6702. Jurisdiction is pursuant to 28 U.S.C. 1346(a)(1) which gives district courts jurisdiction over any civil action against the United States for the recovery of any penalty claimed to have been collected by the IRS without authority. The motion before this court is the defendant's motion to dismiss under Fed.R. Civ.P. 12(b).

On April 11, 1984 plaintiff filed a request for return of the tax withheld during 1983 with the Director of Internal Revenue in Portsmouth, New Hampshire. This request was in the form of a letter by the plaintiff in which he stated that he owed no taxes for 1983 and his request was not intended to be a tax return. He claimed the financial information supplied on the enclosed documents was for information only and that he had not signed them lest they be construed otherwise.

The documents enclosed were typed forms designed with obvious reference to IRS 1040. Plaintiff's W-2 forms were also attached showing earned wages of $18,-

998.30 and $13,504.02. Across each W–2 form was hand printed the word "incorrect". No explanation of error accompanied these forms.

On the simulated 1040 form plaintiff declared himself a labor contractor and the figures on the W–2 indicated that the cost of operating his business exceeded his gross receipts. His total wages earned exceeded his total gross receipts by the sum of one dollar. The plaintiff determined he owed no taxes and requested a refund of five thousand nine hundred seventy-three dollars and eighty-one cents ($5,973.81), the total amounts shown withheld on the W–2 forms.

On June 25, 1984 the IRS sent plaintiff notification of a $500.00 penalty assessment for the filing of a frivolous tax return. On December 5, 1984 plaintiff paid the requisite 15% of the penalty and elected to file a suit under 26 U.S.C. § 6703(c)(2) to determine his liability for the penalty. Plaintiff asserts that he did not file a frivolous tax return, but that he actually filed no return at all.

The defendant, United States filed this present motion to dismiss on February 24, 1985.

A motion to dismiss is one of limited inquiry. The standard for granting a motion to dismiss is not the likelihood of success on the merits, but whether the plaintiff is entitled to offer evidence to support his claim. *Scheurer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The complaint should not be dismissed unless it appears that appellant could "prove no set of facts in support of his claim which would entitle him to relief". *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969), reh'g. denied 396 U.S. 869 (1969).

The material facts alleged in the complaint are to be construed in the light most favorable to the (non-moving party), and taken as admitted with dismissal ordered only if the (non-moving party) is not entitled to relief under any set of facts they could prove. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23

L.Ed.2d 404 (1969) reh'g. denied 396 U.S. 869 (1969); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Harper v. Cserr,* 544 F.2d 1121, 1122 (1st Cir.1976). Upon review of a complaint before receipt of any evidence, the issue is not whether the (non-moving) party will ultimately prevail or is likely to prevail, but is whether the (non-moving) party is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

§ 6702, under which penalties for frivolous tax returns are assessed reads in pertinent part:

If (1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment

may be judged, or

(b) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws, then such individual shall pay a penalty of $500.

26 U.S.C. § 6702.

§ 6703(c)(1) and (2) allows a party to file suit to challenge a finding by the IRS that a tax return is frivolous. When such a suit is filed, the burden of proving the issue of *liability* is on the defendant, Secretary of the Internal Revenue Service.

A frivolous return penalty is immediately assessable against one who files a return which is considered frivolous within the meaning given by Congress.

For example, the penalty under this provision is immediately assessable against any individual who files, as a purported Form 1040, a document appearing to be a Form 1040, but which

contains altered or incorrect descriptions of line items or other altered provisions. Such purported 'returns' are not designed to inform the Secretary of the filer's taxable income and are not in processible form. The penalty will be immediately assessable against any individual filing a 'return' in which many or all of the line items are not filled in except for references to spurious constitutional objections. Furthermore, the penalty is available against any individual filing a purported return in which insufficient information to calculate the tax is given or the information given is clearly inconsistent (as where an individual claims 99 exemptions but lists only a few dependents) or where the return otherwise reveals a frivolous position or a desire to impede the tax laws.

General Explanation of Tax Equity & Fiscal Responsibility Act of 1982, pp. 223–224.

Section 6012 of the Internal Revenue code provides that a person who receives wages in the amount received by the plaintiff in 1983 must file a federal income tax return and must sign the return under penalties of perjury. Sections 6012, 6061 and 6065.

In pertinent part section 61 of the code provides:

Sec. 61 GROSS INCOME DEFINED.

(a) *General Definition*—Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:

(1) Compensation for services, including fees, commissions, * * * and similar items; * * *

It is well established that wages are taxable income. *Commissioner v. Kowalski*, 434 U.S. 77, 98 S.Ct. 315, 54 L.Ed.2d 252 (1977); *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483 (1955).

 Liability for tax is dependent on the amount of a person's income and not unsubstantiated assertions that no taxes are owed. Also, taxation may not be avoided by failure to sign a return or the filing of an incorrect return. Finally, payment of taxes may not be avoided by the making of assertions that one's wages are not wages. *Commissioner v. Kowalski*, supra.

The United States District Court for the District of Minnesota faced a similar set of facts in *Nichols v. United States*, 575 F.Supp. 320 (D.C.Minn.1983). In that case, the taxpayer filed 1040 forms which were unsigned and contained the words "For Information (Informal) Purposes Only/Not a Return" in lieu of a signature.

The court found as follows:

Section 6702 requires only that the documents filed *purport* to be a tax return, not that they actually be a tax return. In these cases, the documents filed purported to be tax returns. * * * The cover letters stated that the plaintiffs were seeking "a full refund of all the taxes * * * paid." One cannot obtain a refund without filing a return. 26 C.F.R., § 301.6402.3(a)(1) (1983). Since the plaintiffs' stated purpose was to obtain a refund, the documents submitted must be deemed to be purported tax returns for purposes of section 6702. It is true that the plaintiffs wrote on the forms that they were not returns, but this disclaimer has no effect in light of the plaintiffs' stated purpose to have the documents treated as returns. If such a disclaimer were sufficient to avoid liability under section 6702, tax protesters could flood the IRS with frivolous tax returns bearing similar disclaimers without penalty. Section 6702's purpose of deterring frivolous filings would be completely undermined.

*Nichols, supra*, at 322. See also *McFarland v. United States*, 54 A.F.T.R.2d 84–5548 (N.H.1984).

While the plaintiff claims that the form he filed does not purport to be a 1040 form, it appears to be a 1040 form. It was filed with the IRS for the return of taxes as one would do with a 1040 form. The plaintiff's form, on its face implies itself to be a 1040 form despite the plaintiff's contrary assertions.

■ The plaintiff claims he may not be taxed since he is an "unenfranchised Freeman" and has "neither requested, obtained nor exercised any privilege from any agency of government." Such an assertion does not relieve the wage recipient from filing an accurate and complete tax return.

The form submitted by plaintiff is not processible. The information given by the plaintiff is clearly inconsistent, incorrect and incomplete. The W–2 forms suggest the plaintiff has been employed and has received wages from which taxes were withheld. The plaintiffs' tax form indicates that he has taken the position that he is a self-employed individual, a labor contractor rather than an employee. His tax form implies no wages were received. This stands in direct contradiction to what is indicated on the W–2 forms.

■ Finally, as stated in *Nichols, supra,* under 26 C.F.R., §§ 301.6402.3(a)(1) (1983) one cannot obtain a refund without filing a return. Since the plaintiff's stated purpose was to receive a refund, the documents submitted will be deemed to be purported returns for the purposes of § 6702 and the disclaimer is of no effect. *Nichols v. United States, supra,* at page 322.

On these facts this court finds as a matter of law that the plaintiff did file a frivolous tax return. The defendant's motion to dismiss is granted and the plaintiff remains liable for the payment of the tax penalty.